[Cite as *State v. Allen*, 2018-Ohio-887.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
WOOD COUNTY

State of Ohio                                    Court of Appeals No. WD-16-058

     Appellee                              Trial Court No. 2014CR0423

v.

Terenzo D. Allen                                 **DECISION AND JUDGMENT**

     Appellant                             Decided:  March 9, 2018

* * * * *

Paul A. Dobson, Wood County Prosecuting Attorney, David T. Harold
and Channa B. Beard, Assistant Prosecuting Attorneys, for appellee.

Myron P. Watson, for appellant.

* * * * *

**PIETRYKOWSKI, J.**

{¶ 1} Appellant, Terenzo Allen, appeals the judgment of the Wood County Court

of Common Pleas, convicting him of one count of trafficking in heroin, in violation of

R.C. 2925.03(A)(2) and (C)(6)(g), a felony of the first degree, with a major drug offender

specification.  For the reasons that follow, we affirm.

## I. Facts and Procedural Background

{¶ 2} On October 2, 2014, the Wood County Grand Jury indicted appellant on one count of possession of heroin, in violation of R.C. 2925.11(A) and (C)(6)(f), a felony of the first degree, with a major drug offender specification, and one count of trafficking in heroin, in violation of R.C. 2925.03(A)(2) and (C)(6)(g), a felony of the first degree, with a major drug offender specification. Appellant entered an initial plea of not guilty to the charges.

{¶ 3} On December 17, 2014, appellant signed a written waiver of his right to a speedy trial until the "completion of [the] case." A final pretrial was scheduled for March 13, 2015, and the matter was set for a jury trial on April 14-16, 2015. On March 13, 2015, appellant failed to appear and a warrant was issued for his arrest. Thereafter, on December 23, 2015, appellant filed a "Motion to Schedule Case for Hearing," in which he asserted that he was now presently incarcerated in the Richland County Jail in Mansfield, Ohio. In his motion, appellant "move[d] this Court to schedule the within cause for hearing and trial." Subsequently, the court scheduled the matter for a suppression hearing on April 7, 2016.

{¶ 4} In his motion to suppress, appellant argued that the traffic stop which led to the discovery of the drugs was unconstitutional, and any evidence obtained as a result of that stop must be suppressed as fruit of the poisonous tree. The state responded to appellant's motion, and argued that while appellant, as a passenger of the vehicle, had standing to challenge the constitutionality of the traffic stop, he did not have standing to

2.

challenge the search and seizures involved in this case. On June 2, 2016, the trial court denied appellant's motion to suppress.

{¶ 5} The trial was held on October 24 and 25, 2016. The testimony from the state's case-in-chief revealed the following facts, which are largely undisputed.

{¶ 6} On September 26, 2014, Ohio State Highway Patrol Trooper Alejo Romero, III, was in the crossover of Interstate 75 in Wood County, observing southbound traffic. While sitting in the crossover, Romero observed a black Nissan Altima that was not speeding, but that was following too closely to the vehicle in front of it. Romero testified that the Altima was approximately one and one-half to two car-lengths behind the vehicle in front of it, when it should have been six car-lengths behind. After passing Romero, the Altima then slowed down and moved into the right lane of traffic.

{¶ 7} Romero testified that he pulled out and followed the Altima to run its registration and to stop the vehicle for following too close. The Altima had a Florida registration, and appeared to Romero to be a rental car. As Romero approached the Altima on the passenger side, he observed that there was another male person sitting in the passenger seat, and appellant was laying across the back seat. Romero testified that appellant was pretending to be asleep, but Romero could see appellant open his eyes to peek at him. During the stop, Romero noticed three car air fresheners: one on the dashboard, and two on the center console. Romero also noticed that there were three smart phones and two flip phones in the car. Romero then asked the driver to accompany him back to the patrol car so that Romero could get his information and issue a warning. While in the patrol car, Romero inspected the rental agreement and noticed that it was

3.

rented to a female who was not in the car. The driver explained that the renter was the front passenger's daughter's mother. The rental agreement also stated that the renter was the only authorized driver, and that the car could only be driven in Michigan. Romero then went back to the Altima to gather more information about the rental agreement from the front passenger.

{¶ 8} When he approached the Altima the second time and leaned in the passenger window to speak with the front passenger, Romero testified that he smelled the odor of raw marijuana. At that point, another officer arrived, and appellant and the other passenger were removed from the car, and the car was searched. Under the carpet near the center console, Romero found a small digital scale and three cellophane packages of white powder, which was later revealed to be 252 grams of heroin. A small amount of marijuana was also found in the passenger's side front door storage pouch.

{¶ 9} Once the car was transported to the Ohio State Highway Patrol post in Bowling Green, an inventory search revealed a backpack in the trunk that contained numerous rubber bands. Romero testified that rubber bands are often used to hold large amounts of cash.

{¶ 10} As part of the investigation, Lieutenant Scott Wyckhouse asked the occupants of the Altima to identify to whom each of the phones belonged. Appellant claimed one of the smart phones and one of the flip phones. Notably, the front seat passenger claimed an iPhone, and provided Wyckhouse with the password to unlock the phone. On the iPhone, Wyckhouse found several pictures that depicted appellant and the other occupants of the car, holding guns and approximately $90,000 in cash. Appellant

4.

was wearing the same clothes in the pictures as he was when he was arrested. In addition, the pictures also showed the backpack that was found in the car, as well as a 2-liter bottle of Sprite containing a purple substance, which was also found in the car. One of the pictures also showed appellant driving the Altima.

{¶ 11} Finally, text messages from appellant's flip phone were entered into evidence. Christopher McGee, who was the forensic computer specialist who downloaded the messages from the phone, testified that the messages were consistent with drug activity.

{¶ 12} Following the state's presentation of its case-in-chief, appellant moved for acquittal pursuant to Crim.R. 29, which the trial court denied. The defense then rested without calling any witnesses. The matter was submitted to the jury, which returned with a verdict of guilty on both counts, with the additional finding that the amount of the drug involved in both offenses equaled or exceeded 250 grams.

{¶ 13} The trial court proceeded immediately to sentencing, at which it merged the counts of possession and trafficking, with the state electing to proceed on the count of trafficking in heroin, with the major drug offender specification. The trial court then imposed the mandatory prison term of 11 years, and the mandatory fine of $10,000.

## II. Assignments of Error

{¶ 14} Appellant has timely appealed the judgment of conviction, and now raises 13 assignments of error for our review:

I. Trial counsel failed to provide effective assistance under the Sixth Amendment when counsel failed to include in his motion to suppress

illegally seized text messages from a cell phone purportedly belonging to the defendant.

II.  The appellant failed to receive effective assistance of counsel under the Sixth Amendment when counsel failed to raise the proper objection to the admission of photographs from co-defendant Green's cell phone purportedly involving the appellant's "purported" drug dealing and gun toting lifestyle.

III.  The trial court erred when it denied the defendant's motion for acquittal of drug possession of heroin and trafficking in heroin, under favor of Rule 29, Ohio Rules of Criminal Procedure.

IV.  The appellant's convictions of drug possession and drug trafficking [were] against the manifest weight of the evidence.

V.  The appellant's trial counsel failed to provide effective assistance of counsel under the Sixth Amendment when he failed to object to the forensic examiner's testimony as to his interpretation of text messages of the appellant's cell phone.

VI.  The trial court erred when it denied motion to suppress evidence.

VII.  The state's persistent questions to its witness as to the trial counsel's failure to seek forensic testing, including DNA, fingerprint analysis and other information undermined the defendant's right not to

present evidence under favor of the Fifth Amendment, and violated his right to due process.

VIII. Trial counsel failed to provide effective assistance under the Sixth Amendment when he neglected to object to the state's failure to provide before the motion hearing a copy of the video dash cam of the traffic stop.

IX. The State of Ohio engaged in prosecutorial misconduct by making inflammatory arguments in both opening and closing statements that improperly appealed to the community interest, which denied appellant a fair trial.

X. Trial counsel failed to provide effective assistance under the Sixth Amendment by failing to request a mere presence instruction.

XI. The trial court erred when it denied defendant's motion to dismiss the indictment based on a speedy trial violation.

XII. The trial court erred by instructing the jury on complicity which the factual circumstances of the case did not merit, and resulted in denying the appellant a fair trial.

XIII. The appellant was denied due process when the trial court, not the jury, made the finding that the appellant was a "major drug offender," and he was sentenced accordingly.

## III. Analysis

{¶ 15} For ease of discussion, we will address appellant's assignments of error out of order, beginning with his eleventh assignment of error.

### A. Speedy Trial

{¶ 16} In his eleventh assignment of error, appellant argues that the trial court erred when it denied his motion, made on the morning of trial, to dismiss the indictment on speedy trial grounds. Appellant argues that his December 23, 2015 motion to schedule a trial revoked his previous waiver, and the trial court's delay in bringing him to trial was unreasonable.

{¶ 17} "Following an express, written waiver of unlimited duration by an accused of his right to a speedy trial, the accused is not entitled to a discharge for delay in bringing him to trial unless the accused files a formal written objection and demand for trial, following which the state must bring the accused to trial within a reasonable time." *State v. O'Brien*, 34 Ohio St.3d 7, 516 N.E.2d 218 (1987), paragraph two of the syllabus.

{¶ 18} Here, we cannot say that appellant's December 23, 2015 motion constituted a formal objection and demand for trial. Nowhere in the motion does appellant object to any further continuances or give any indication to the court that he is revoking his previous waiver. Instead, appellant simply moved to schedule the matter for a hearing and trial because he was now incarcerated—nine months after he failed to appear for a hearing and a bench warrant was issued—"and is therefore available for trial in the case." Therefore, we hold that appellant was not entitled to a discharge on speedy trial grounds.

{¶ 19} Accordingly, appellant's eleventh assignment of error is not well-taken.

8.

## B. Motion to Suppress

{¶ 20} In his sixth assignment of error, appellant challenges the trial court's denial of his motion to suppress. "Appellate review of a motion to suppress presents a mixed question of law and fact." *State v. Burnside*, 100 Ohio St.3d 152, 2003-Ohio-5372, 797 N.E.2d 71, ¶ 8. "When considering a motion to suppress, the trial court assumes the role of trier of fact and is therefore in the best position to resolve factual questions and evaluate the credibility of witnesses." *Id.* "Consequently, an appellate court must accept the trial court's findings of fact if they are supported by competent, credible evidence." *Id.* "Accepting these facts as true, the appellate court must then independently determine, without deference to the conclusion of the trial court, whether the facts satisfy the applicable legal standard." *Id.* at ¶ 9.

{¶ 21} In support of his assignment of error, appellant argues that the traffic stop and subsequent search of the vehicle violated his constitutional rights. Setting aside the parties' arguments concerning standing to raise these issues, we hold that the stop and search were proper.

{¶ 22} "The Fourth Amendment guarantees 'the right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures.'" *Whren v. United States*, 517 U.S. 806, 809, 116 S.Ct. 1769, 135 L.Ed.2d 89 (1996). "As a general matter, the decision to stop an automobile is reasonable where the police have probable cause to believe that a traffic violation has occurred." *Id.* at 810.

{¶ 23} Here, Romero testified that he stopped the vehicle for following too closely. R.C. 4511.34(A) provides, "The operator of a motor vehicle, streetcar, or

9.

trackless trolley shall not follow another vehicle, streetcar, or trackless trolley more closely than is reasonable and prudent, having due regard for the speed of such vehicle, streetcar, or trackless trolley, and the traffic upon and the condition of the highway." Romero testified that a reasonable distance between vehicles on the highway is six car lengths, and the black Altima was following at only one and one-half to two car lengths. Thus, because Romero had probable cause to believe that a traffic violation had occurred, the stop of the vehicle was a reasonable seizure.

{¶ 24} Then, during the course of the stop, Romero detected the odor of raw marijuana. "[T]he smell of marijuana, alone, by a person qualified to recognize the odor, is sufficient to establish probable cause to conduct a search." *State v. Moore*, 90 Ohio St.3d 47, 53, 734 N.E.2d 804 (2000). Further, "[o]nce a law enforcement officer has probable cause to believe that a vehicle contains contraband, he or she may search a validly stopped motor vehicle based upon the well-established automobile exception to the warrant requirement." *Id.* at 51, citing *Maryland v. Dyson*, 527 U.S. 465, 466, 119 S.Ct. 2013, 144 L.Ed.2d 442 (1999). Appellant argues that *Moore* is limited to the smell of *burnt* marijuana, and is not applicable to the present situation where Romero smelled *raw* marijuana. However, we find no reason to distinguish this case from *Moore* since in both instances the officer is relying on his or her sense of smell to detect a known odor. Therefore, the search of the black Altima was reasonable.

{¶ 25} Finally, appellant argues that the trial court should have suppressed the text messages that were recovered from appellant's cell phone without a warrant. However, this argument was not raised in the motion to suppress, which focused on the

10.

reasonableness of the traffic stop and search of the car. "It is well-settled law that issues not raised in the trial court may not be raised for the first time on appeal because such issues are deemed waived." *Columbus v. Ridley*, 2015-Ohio-4968, 50 N.E.3d 934, ¶ 28 (10th Dist.), quoting *State v. Barrett*, 10th Dist. Franklin No. 11AP-375, 2011-Ohio-4986, ¶ 13. "This well-settled waiver rule applies to arguments not asserted either in a written motion to suppress or at the suppression hearing." *Id.* Therefore, this argument is waived as it relates to the trial court's denial of appellant's motion to suppress.

{¶ 26} Accordingly, we hold that the trial court did not err in denying appellant's motion to suppress. Appellant's sixth assignment of error is not well-taken.

### C. Ineffective Assistance of Counsel

{¶ 27} In his first, second, fifth, eighth, and tenth assignments of error, appellant argues that he received ineffective assistance of trial counsel. We will address each assignment in turn.

{¶ 28} To prevail on a claim of ineffective assistance of counsel, appellant must satisfy the two-prong test developed in *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). That is, appellant must demonstrate that counsel's performance fell below an objective standard of reasonableness, and a reasonable probability exists that, but for counsel's error, the result of the proceedings would have been different. *Id.* at 687-688, 694. "The object of an ineffectiveness claim is not to grade counsel's performance. If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, which we expect will often be so, that course should be followed." *Id.* at 697.

11.

{¶ 29} In his first assignment of error, appellant asserts that counsel was ineffective for failing to move to suppress the text messages that were retrieved from appellant's cell phone without a warrant. Appellant argues that the text messages—which tended to show appellant's involvement in drug trafficking—should have been excluded from the trial. In support, appellant relies on *State v. Smith*, 124 Ohio St.3d 163, 2009-Ohio-6426, 920 N.E.2d 949, ¶ 29, in which the Ohio Supreme Court held, "[T]he warrantless search of data within a cell phone seized incident to a lawful arrest is prohibited by the Fourth Amendment when the search is unnecessary for the safety of law-enforcement officers and there are no exigent circumstances."

{¶ 30} Further, appellant argues that the exclusion of those text messages would have resulted in a different outcome at trial because the state's case against him was "circumstantial and somewhat weak because the drugs were found in a rental vehicle where the Appellant was only a backseat passenger." Moreover, appellant asserts that there was no evidence that appellant rented the vehicle or had dominion or control over the items inside the vehicle other than the cell phone.

{¶ 31} We disagree, and find that appellant has not demonstrated a reasonable probability that the result of the proceedings would have been different. Here, contrary to appellant's assertion, significant evidence existed showing that he was not merely a backseat passenger. Namely, the evidence contained pictures from the front seat passenger's iPhone in which appellant, while wearing the same clothes as at the time of his arrest, is surrounded by guns and large stacks of money, and another picture where appellant is driving the black Altima. Thus, appellant was not merely a passenger, but

12.

rather shared the intent of his fellow car occupants to possess and traffic large quantities of heroin. Therefore, we hold that appellant has not satisfied the second prong of the *Strickland* test, and his argument of ineffective assistance on these grounds must fail.

{¶ 32} Accordingly, appellant's first assignment of error is not well-taken.

{¶ 33} In his second assignment of error, appellant argues that trial counsel was ineffective for failing to raise the proper objection to the admission of the iPhone photographs. At trial, counsel objected to the admission of the photographs on the basis of authenticity. Appellant now argues that a better objection would have been on relevance under Evid.R. 401 or undue prejudice under Evid.R. 403(A). Appellant asserts that the photographs were not relevant because the front seat passenger was not a co-defendant in the same trial, and there were no charges of drug conspiracy.

{¶ 34} Here, appellant was charged with drug possession and drug trafficking. Although charged as a principal offender, the indictment necessarily included charges of complicity. R.C. 2923.03(F) provides that "A charge of complicity may be stated in terms of this section, or in terms of the principal offense." "This provision places defendants on notice that the jury may be given a complicity instruction even though the defendant has been charged as a principal offender." *State v. Keenan*, 81 Ohio St.3d 133, 151, 689 N.E.2d 929 (1998). Thus, the photographs of appellant and the other occupants of the car engaging in activities that are consistent with drug trafficking are highly relevant to the issue of whether appellant was complicit in the possession and trafficking of the heroin. Furthermore, any prejudice associated with those photographs does not substantially outweigh their probative value. Therefore, we hold that appellant has failed

13.

to demonstrate a reasonable probability that the photographs would have been excluded but for counsel's failure to object under Evid.R. 401 or 403(A).

{¶ 35} Accordingly, appellant's second assignment of error is not well-taken.

{¶ 36} In his fifth assignment of error, appellant argues that trial counsel was ineffective for failing to object to McGhee's testimony regarding the meaning and interpretation of words contained in the text messages from appellant's phone. Appellant argues that McGhee's testimony was improper because he was not qualified as an expert under Evid.R. 702. However, as we held in appellant's first assignment of error, even if the text messages had been entirely excluded, appellant has not demonstrated a reasonable probability that the result of the proceedings would have been different in light of the remaining incriminating evidence.

{¶ 37} Accordingly, appellant's fifth assignment of error is not well-taken.

{¶ 38} In his eighth assignment of error, appellant argues that trial counsel was ineffective for failing to object to the state's failure to provide a copy of the dash cam video of the traffic stop before the suppression hearing. In this case, prior defense counsel had received a copy of the video, but appellant's new trial counsel did not receive a copy until the day of the suppression hearing. Trial counsel was then given an opportunity to supplement his motion to suppress. Appellant, though, makes no specific argument as to how having access to the video earlier would have changed the outcome of the proceedings. Therefore, we hold that appellant again has not satisfied the prejudice prong of the *Strickland* test.

{¶ 39} Accordingly, appellant's eighth assignment of error is not well-taken.

14.

**{¶ 40}** In his tenth assignment of error, appellant argues that counsel was ineffective for failing to request a jury instruction on mere presence association as being insufficient to establish complicity. "A court's jury instructions should contain plain, unambiguous statements of the law, which are applicable to the case and evidence presented to the jury." *State v. Hernandez*, 6th Dist. Lucas Nos. L-06-1388, L-06-1389, 2009-Ohio-386, ¶ 75, citing *Marshall v. Gibson*, 19 Ohio St.3d 10, 12, 482 N.E.2d 583 (1985). "The jury instructions provided by the trial court must be confined to the issues raised by the pleadings and the evidence." *Id.*, citing *Becker v. Lake Cty. Mem. Hosp. W.*, 53 Ohio St.3d 202, 560 N.E.2d 165 (1990). Here, the photographic evidence demonstrated that appellant was not just merely present in the vehicle where the heroin was found, but was participating with the other occupants of the car in the trafficking and possession of the drugs. Thus, a jury instruction on mere presence would not have been appropriate, and counsel was not ineffective for failing to request such an instruction. *See State v. Perkins*, 8th Dist. Cuyahoga No. 83659, 2004-Ohio-4915, ¶ 47-51 ("mere presence" instruction not warranted where the evidence does not support the same).

**{¶ 41}** Accordingly, appellant's tenth assignment of error is not well-taken.

### D. Prosecutorial Misconduct

**{¶ 42}** In his seventh and ninth assignments of error, appellant challenges the conduct of the prosecutor during the trial. "[T]he standard for prosecutorial misconduct is whether the comments and/or questions were improper, and, if so, whether they prejudiced appellant's substantial rights." *State v. Treesh*, 90 Ohio St.3d 460, 480, 739 N.E.2d 749 (2001).

15.

{¶ 43} In his seventh assignment of error, appellant argues that the state violated due process and his Fifth Amendment right not to present evidence when it questioned Romero on whether a defendant is allowed to forensically test the evidence in a case. Notably, the state asked Romero these questions on redirect examination, after appellant cross-examined Romero on whether any fingerprint or DNA analysis had been conducted on the packages of heroin, the backpacks, and the phones.

{¶ 44} Here, we find that the prosecutor's questioning did not prejudice appellant's substantial rights. Immediately after the prosecutor's exchange with Romero, the trial court instructed the jury, "I want to remind you at this point that the burden is solely on the State of Ohio, the defendant does not have to produce any evidence." The Ohio Supreme Court has held that "A jury is presumed to follow the instructions, including curative instructions, given it by a trial judge." *State v. Cepec*, 149 Ohio St.3d 438, 2016-Ohio-8076, 75 N.E.3d 1185, ¶ 77. Thus, even if we assume that the prosecutor's comments were improper, we find no prejudice because of the trial court's curative instruction.

{¶ 45} Accordingly, appellant's seventh assignment of error is not well-taken.

{¶ 46} In his ninth assignment of error, appellant argues that the prosecutor's opening and closing arguments improperly appealed to the community interest and denied appellant of a fair trial. In making closing arguments, a prosecutor "must avoid insinuations and assertions which are calculated to mislead the jury." *State v. Smith*, 14 Ohio St.3d 13, 14, 470 N.E.2d 883 (1984). The Ohio Supreme Court has also recognized that while the prosecution is "entitled to 'some latitude and freedom of expression' in

16.

summation," appeals to emotion can be improper. *State v. Keenan*, 66 Ohio St.3d 402, 409, 613 N.E.2d 203 (1993), quoting *State v. Woodards*, 6 Ohio St.2d 14, 26, 215 N.E.2d 568 (1966). "[A] conviction based solely on the inflammation of fears and passions, rather than proof of guilt, requires reversal." *Id.*, quoting *State v. Williams*, 23 Ohio St.3d 16, 20, 490 N.E.2d 906 (1986).

{¶ 47} Here, the prosecutor stated near the beginning of his closing argument,

> The heroin involved in this case was a means to an end, that's what this is all about. When you are a drug trafficker you need accomplices, you need a supplier, you need buyers, it's a business. Nobody does it on their own. If there were no users, there would be no drug trafficking. If there were no suppliers, there would be no drug trafficking. And like any other business, every person in that chain of supply is going to take a cut of the profits or as was texted on the defendant's cell phone, "We'll split the pros." He's a businessman. The problem with that is the stuff he is pedaling is killing people left and right. He doesn't care about black or white, living or dead, he cares about that.

Then, as the last words of his rebuttal argument, the prosecutor stated, "When you come back, I ask that you come back with two guilty verdicts because he needs to be held accountable so people stop dying."

{¶ 48} We find that the prosecutor's statements are directed to inflame the passions of the jurors in relation to the ongoing heroin epidemic, and are therefore improper. Nonetheless, we do not find that this is a close case as appellant contends, but

17.

rather the photographic evidence overwhelmingly demonstrates that appellant was an active and willing participant in the possession and transport of the drugs. Therefore, we hold that appellant's substantial rights were not prejudiced. *See State v. Steed*, 2016-Ohio-8088, 75 N.E.3d 816, ¶ 44-49 (6th Dist.).

{¶ 49} Accordingly, appellant's ninth assignment of error is not well-taken.

### E. Jury Instructions

{¶ 50} In his twelfth assignment of error, appellant argues that the trial court erred when it gave the instruction on complicity. The statute on complicity, R.C. 2923.03 provides,

> (A) No person, acting with the kind of culpability required for the commission of an offense, shall do any of the following:
>
> (1) Solicit or procure another to commit the offense;
>
> (2) Aid or abet another in committing the offense;
>
> (3) Conspire with another to commit the offense in violation of section 2923.01 of the Revised Code;
>
> (4) Cause an innocent or irresponsible person to commit the offense.

{¶ 51} In particular, appellant argues that he was merely laying in the backseat of a rental car that he did not have any control over, and his mere presence is insufficient to prove that he was complicit in the crime. In support, appellant attempts to discount the photographs taken from the front passenger's iPhone as "unrelated and irrelevant." However, as discussed above, the photographs are highly relevant as they depict appellant, while wearing the same clothes and with the same Sprite bottle, involved in

18.

activity with the other occupants of the car consistent with drug trafficking; namely, holding large amounts of cash and guns. In addition, appellant was not merely a passenger as the photographs showed appellant driving the Altima at times. Finally, appellant had two cell phones—a smart phone and a flip phone, or "burner" phone—which the testimony revealed was also consistent with drug trafficking. Therefore, we hold that the trial court did not err when it gave the instruction on complicity.

{¶ 52} Accordingly, appellant's twelfth assignment of error is not well-taken.

### F. Sufficiency of the Evidence

{¶ 53} In his third assignment of error, appellant argues that the trial court erred when it denied his Crim.R. 29 motion for acquittal. The denial of a motion for acquittal under Crim.R. 29(A) "is governed by the same standard as the one for determining whether a verdict is supported by sufficient evidence." *State v. Tenace*, 109 Ohio St.3d 255, 2006-Ohio-2417, 847 N.E.2d 386, ¶ 37. In reviewing a conviction for sufficiency, "[t]he relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." *State v. Jenks*, 61 Ohio St.3d 259, 574 N.E.2d 492 (1991), paragraph two of the syllabus.

{¶ 54} Here, appellant was charged with possession of drugs under R.C. 2925.11(A), which provides, "No person shall knowingly obtain, possess, or use a controlled substance or a controlled substance analog," and trafficking in drugs under R.C. 2925.03(A)(2), which states, "No person shall knowingly do any of the following: * * * (2) Prepare for shipment, ship, transport, deliver, prepare for distribution, or distribute

19.

a controlled substance or a controlled substance analog, when the offender knows or has reasonable cause to believe that the controlled substance or a controlled substance analog is intended for sale or resale by the offender or another person."

{¶ 55} Appellant argues that there is no evidence in the record that demonstrates that he had any knowledge that the drugs were hidden in the car, and his mere presence in the backseat of the car is insufficient to support his convictions. We disagree. When viewed in a light most favorable to the prosecution, the evidence shows that appellant, rather than being an innocent and naïve passenger, was instead joined in an endeavor with the other occupants of the car to possess and transport over 250 grams of heroin, which the testimony revealed was over 1000 times the amount typically possessed for individual use. In the photographs, appellant and the other occupants were seen possessing guns and approximately $90,000 in cash. Appellant and the others are then found, wearing the same clothes, with no guns or money, but instead transporting 252 grams of heroin. Based upon this evidence, a rational trier of fact could have found that appellant knowingly possessed and was transporting the drugs with reasonable cause to believe that they would be sold or resold. Therefore, we hold that the trial court did not err when it denied appellant's Crim.R. 29(A) motion for acquittal.

{¶ 56} Accordingly, appellant's third assignment of error is not well-taken.

### G. Manifest Weight

{¶ 57} In his fourth assignment of error, appellant argues that his convictions are against the manifest weight of the evidence. When reviewing for manifest weight,

20.

The court, reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered. The discretionary power to grant a new trial should be exercised only in the exceptional case in which the evidence weighs heavily against the conviction. *State v. Lang*, 129 Ohio St.3d 512, 2011-Ohio-4215, 954 N.E.2d 596, ¶ 220, quoting *State v. Thompkins*, 78 Ohio St.3d 380, 387, 678 N.E.2d 541 (1997).

**{¶ 58}** In support, appellant again contends that the pictures from the front seat passenger's iPhone bear little relevancy to his guilt regarding the crimes of possession and trafficking. Appellant suggests that instead, the state was forced to rely on character assassination and the "shock value" of appellant's lifestyle to obtain a conviction.

**{¶ 59}** For the same reasons we set forth in our discussion of whether his conviction was based on insufficient evidence, we find appellant's argument to be without merit. This is not the exceptional case where the jury lost its way and created a manifest miscarriage of justice, and we hold that appellant's convictions are not against the manifest weight of the evidence.

**{¶ 60}** Accordingly, appellant's fourth assignment of error is not well-taken.

### H. Major Drug Offender

**{¶ 61}** Finally, in his thirteenth assignment of error, appellant contends that the mandatory sentence imposed as a major drug offender violated his Sixth Amendment

right to trial by jury because the "major drug offender" issue was not submitted to the jury. *See Alleyne v. United States*, 570 U.S. 99, 133 S.Ct. 2151, 2155, 186 L.Ed.2d 314 (2013) ("Any fact that, by law, increases the penalty for a crime is an 'element' that must be submitted to the jury and found beyond a reasonable doubt.").

**{¶ 62}** R.C. 2925.03(C)(6)(g), in effect at the time appellant committed the crime, provided,

> If the amount of the drug involved equals or exceeds two thousand five hundred unit doses or equals or exceeds two hundred fifty grams and regardless of whether the offense was committed in the vicinity of a school or in the vicinity of a juvenile, trafficking in heroin is a felony of the first degree, the offender is a major drug offender, and the court shall impose as a mandatory prison term the maximum prison term prescribed for a felony of the first degree.

**{¶ 63}** Here, the jury specifically found that the amount of the drug involved "equals or exceeds 250 grams." Thus, by definition, appellant is a major drug offender, and the trial court did not violate appellant's Sixth Amendment rights when it sentenced him as such. *See State v. Dues*, 2014-Ohio-5276, 24 N.E.3d 751, ¶ 50 (8th Dist.) (*Alleyne* not implicated where the jury determined the weight of the drug possessed).

**{¶ 64}** Accordingly, appellant's thirteenth assignment of error is not well-taken.

22.

## IV. Conclusion

**{¶ 65}** For the foregoing reasons, we find that substantial justice has been done the party complaining, and the judgment of the Wood County Court of Common Pleas is affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Mark L. Pietrykowski, J.

_____
JUDGE

Arlene Singer, J.

_____
JUDGE

Thomas J. Osowik , J.
CONCUR.

_____
JUDGE

23.