[Cite as *State v. Barnhart*, 2019-Ohio-5002.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
ERIE COUNTY

State of Ohio                                    Court of Appeals No. E-18-046

      Appellee                              Trial Court No. 2014 CR 0609

v.

Paul M. Barnhart                            **DECISION AND JUDGMENT**

      Appellant                             Decided:  December 6, 2019

* * * * *

Kevin J. Baxter, Erie County Prosecuting Attorney, and
Anthony A. Battista III, Assistant Prosecuting Attorney,
for appellee.

Mary Elaine Hall, for appellant.

* * * * *

**SINGER, J.**

{¶ 1} Appellant, Paul Barnhart, appeals the August 3, 2018 judgment of the Erie

County Court of Common Pleas.  For the following reasons, we affirm the judgment.

{¶ 2} Appellant sets forth four assignments of error:

Assignment of Error No. 1:  The trial court erred when it denied defense counsel's Rule 29 Motion to Dismiss * * * not because it denied the Motion to Suppress Det. Adam West's testimony, but when the trial court allowed the admission of items seized from Holly Robuck - obtained from an uncharged third party at the time of the residence check, who did not consent to search the bedroom, nor have the apparent authority to give consent to search the bedroom[,] the closet, the clothesbasket and the dresser, which she shared in common with the defendant-probationer, Paul M. Barnhart?

Assignment of Error No. 2:  Defense trial counsel for the defendant-appellant, Paul M. [Barnhart,] * * * provided ineffective assistance of counsel when he failed to file a Motion to Suppress all [of] the evidence seized from the shared common bedroom with Holly Robuck, pursuant to Taylor v. United States, 600 F.3d 678 (6th Cir. 2010) and made stipulations to admit State's Exhibits 3, 4 & 7 as against the defendant?

Assignment of Error No. 3:  Whether the trial court committed error when it admitted evidence from the defendant-appellant-probationer, Paul M. Barnhart's cellphone against him at trial?

Assignment of Error No. 4:  Whether the trial court committed plain and structural error when it did not amend the written jury instructions on

Constructive Possession * * * over the objection of defense trial counsel,

regarding the possible constructive possession of drugs by third party,

Holly Robuck?

**Background**

**Case No. 2014 CR 0007**

{¶ 3} On August 30, 2013, an indictment was found by the grand jury charging

appellant with one count of possession of marijuana, a fifth-degree felony. The

indictment was filed in the Erie County Court of Common Pleas, case No. 2014 CR 0007.

{¶ 4} On February 27, 2014, appellant was arraigned and pled not guilty to the

charge.

{¶ 5} On August 18, 2014, appellant entered a guilty plea/intervention in lieu of

conviction to the possession charge. Also on August 18, 2014, appellant was presented

with and signed a "Waiver of Rights/Consent to Search" form ("waiver form"). Counsel

for appellant signed the waiver form too. The waiver form stated, in pertinent part:

I have been advised that while subject to * * * Probation/

Intervention in Lieu of Conviction ("IILC") that there may exist times

when the Erie County Adult Probation Department ("APD") may want to

conduct a warrantless search or seizure of my property or my possessions

or myself to ensure that I am in compliance with my * * * Probation/IILC.

Further, that the APD's reasons to conduct such searches and seizures is

based on a standard lesser than probable cause. It would be based on a

reasonable suspicion standard. Additionally, that the conditions of my

* * * Probation/IILC may require me to submit to warrantless searches and

seizure of my property, my possessions, and myself. * * *

I acknowledge that I am knowingly, intelligently, or voluntarily

waiving my Constitutional Rights against warrantless searches and seizures

by signing this Waiver of Rights/Consent to Search Form.

{¶ 6} On November 13, 2014, the court accepted the guilty plea and found appellant was eligible for intervention in lieu of conviction. Appellant was sentenced to probation for a period not to exceed three years, beginning November 14, 2014, and was subject to numerous conditions. The court's judgment entry was filed on November 18, 2014.

{¶ 7} On December 1 and 2, 2014, the Sandusky Police Department received anonymous complaints from a male caller on a drug tip hotline that appellant was in possession of approximately two ounces of cocaine and 13 pounds of medical marijuana concealed in five-gallon buckets. The tipster informed police that appellant was on probation and resided at a certain address on Harrison Street. Police had also received complaints, throughout the previous year, that appellant was involved in drug trafficking. Police contacted Erie County Probation and a probation officer confirmed that appellant was on probation and lived at that address. The probation officer requested that police assist in conducting a probation check at the Harrison Street home.

4.

{¶ 8} On the morning of December 3, 2014, appellant met with his probation officer and completed a monthly probation report. Appellant indicated he lived at the Harrison Street home ("the home") with his mother, who owned the home, and her husband.

{¶ 9} Later on December 3, 2014, a probation officer and police arrived at the home and knocked on the door to conduct a check, pursuant to the authority granted under the waiver form. Appellant answered the door and was advised of the probation check of the home. Appellant was asked if anyone else was in the home, and he said no. However, as police and the probation officer walked up the stairs to appellant's second floor bedroom, appellant called out, "Holly, my probation officer is here." Holly Robuck, appellant's then-girlfriend, was in appellant's bedroom, trying to hide drugs in a clothes basket. Further searching revealed more drugs, empty buckets with green residue, a digital scale, money and paperwork. Both appellant and Robuck were detained.

{¶ 10} Robuck was never charged with any crimes as a result of the search and seizure. However, appellant was charged with a probation violation as well as other crimes.

{¶ 11} On October 27, 2017, appellant filed a motion to suppress the items seized by police as a result of the alleged unlawful search, seizure and arrest. Appellant claimed his Fourth Amendment rights were violated "because the information upon which [his] parole officer based the search was unreliable, due to its source and the police officer to

5.

whom it was conveyed." Appellant argued "the actual content of the tip is ultimately unknown, but certainly unreliable. The informant, according to several sources, had an improper relationship with the officer to whom she reported the tip." Appellant maintained "[w]ithout reasonable suspicion, the parole officer and especially the police violated [appellant's] Fourth Amendment right by searching his mother's house and his bedroom." The state opposed the motion.[1]

{¶ 12} On August 1, 2018, a hearing was held and the trial court terminated appellant's intervention in lieu of conviction and sentenced him to 11 months in prison. On August 3, 2018, the court filed its judgment entry. Appellant did not file an appeal.

### Case No. 2014 CR 0609

{¶ 13} In late December 2014, appellant was charged with possessing criminal tools. Thereafter, an indictment was found by the grand jury charging appellant with the following counts: Count 1—preparation of cocaine for sale (27.37 grams), a first-degree felony; Count 2—possession of cocaine (27.37 grams), a first-degree felony; Count 3— aggravated possession of drugs (13 tablets of Oxycodone), a fifth-degree felony; and Count 4—possession of drugs (2 tablets and 1 partial tablet of Hydrocodone), a fifth-degree felony. These charges originated out of the December 3, 2014 search. On

---

[1] The trial court did not rule on the motion to suppress, therefore we presume the motion was denied. *See State ex rel. Cassels v. Dayton City Schools Dist. Bd. of Edn.*, 69 Ohio St.3d 217, 223, 631 N.E.2d 150 (1994).

6.

February 11, 2015, the indictment was filed in the Erie County Court of Common Pleas, case No. 2014 CR 0609.

{¶ 14} On February 26, 2015, appellant was arraigned and pled not guilty to the charges.

{¶ 15} On November 29, 2017, appellant's counsel filed a motion to correct record, requesting that the motion to suppress filed under case No. 2014 CR 0007, be designated to case No. 2014 CR 0609.[2]

{¶ 16} On July 16, 2018, a jury trial commenced and numerous witnesses testified. The following is a summary of the testimony of relevant witnesses.

{¶ 17} Parole Officer Peter Gale testified he was searching the home where appellant lived and saw Robuck in appellant's upstairs bedroom trying to hide a sizeable amount of cocaine. Some pills were also discovered in appellant's bedroom.

{¶ 18} Police Detective Adam West testified while he was searching the home, he walked up the stairs and saw Robuck concealing narcotics in a clothes basket. During the search of the home, the basement, garage, laundry room, living room and appellant's room were examined and suspected marijuana, cocaine, prescription pills, a drug ledger and cash were found. Appellant was detained and taken to the police station where he admitted that the drugs belonged to him, he wanted to take responsibility for the drugs, he

---

[2] The trial court did not rule on this motion either, thus the motion is deemed denied.

7.

named the man who supplied the drugs, and he claimed Robuck had no knowledge of the drugs.

{¶ 19} Police Officer Danny Lewis testified he helped with the search of the home, and took pictures of some of the objects which were found. Lewis took a picture of a bag of cocaine which was located in a duffle bag or laundry bag by the closet in appellant's bedroom. Lewis thought some pills were also found in the bag. Lewis located paperwork in appellant's bedroom, including a ledger with references to Zip, a slang term for cocaine, which is indicative of drug trafficking. The officer noticed men's and women's clothes throughout the bedroom and closet.

{¶ 20} Robuck testified that in December 2014, she was dating appellant and living with him. The day the home was searched, she was upstairs and heard appellant say his probation officer was there, so Robuck grabbed the drugs and tried to hide them in the closet. Robuck admitted she was a drug addict at that time, with heroin being her drug of choice, but she also used cocaine and marijuana. During the six months she lived with appellant, Robuck saw drugs in the home, including cocaine and marijuana, and appellant selling drugs, but she did not see appellant using drugs. Robuck cooperated with and worked for the police in exchange for not being charged with tampering with evidence.

{¶ 21} Appellant testified that he sold drugs and marijuana, but he does not sell cocaine. He said the cocaine belonged to Robuck. Appellant said the police detective lied when he said appellant named the man who supplied the drugs, but the detective did

8.

not lie about appellant taking responsibility for the drugs in the home, although appellant claimed he was coerced into saying that. Appellant said the police officer lied, Robuck lied about him dealing drugs and the probation officer lied a little bit.

{¶ 22} On July 18, 2018, appellant was found not guilty of Count 1, preparation of cocaine for sale, guilty of Count 2, possession of cocaine, guilty of Count 3, aggravated possession of drugs, and guilty of Count 4, possession of drugs.

{¶ 23} On August 1, 2018, a sentencing hearing was held. Appellant was sentenced to a mandatory term of four years in prison as to Count 2, ten months in prison as to Count 3 and ten months in prison as to Count 4, with the sentences to run concurrently with each other but consecutively to the sentence imposed in case No. 2014 CR 0007, for a total prison term of four years, 11 months. On August 3, 2018, the court filed its judgment entry. Appellant timely appealed.

**Assignment of Error Nos. 1 and 2**

{¶ 24} We will examine these assignments of error collectively, as appellant's arguments in support of these assignments are largely presented together.

{¶ 25} In his first assignment of error, appellant argues the trial court erred in denying his Crim.R. 29 motion to dismiss when it allowed items seized from Robuck to be admitted. Appellant contends we should "reverse the trial court and order it to suppress all [of] the evidence * * * seized from the shared/common bedroom, dresser, closet and clothesbaskets of the third party resident, Holly Robuck, which was used to convict [appellant]" as the items seized were outside of the scope of the waiver form.

9.

Appellant asserts Robuck did not give her consent to search, nor did she have the apparent authority to give consent to search. Appellant further claims there is an ambiguity as to whether the cocaine found in the shared bedroom belonged to him or Robuck.

**Analysis**

{¶ 26} At the outset, we note appellant mentions in the caption of his first assignment of error that the trial court erred in denying his Crim.R. 29 motion by admitting items seized from Robuck. However, appellant fails to argue this point anywhere in his brief, nor does he cite to any legal authority regarding Crim.R. 29.

{¶ 27} App.R. 12(A)(2) provides "[t]he court may disregard an assignment of error presented for review if the party raising it fails to identify in the record the error on which the assignment of error is based or fails to argue the assignment separately in the brief, as required under App.R. 16(A)." Thus, we decline to address the reference to Crim.R. 29.

{¶ 28} The arguments actually advanced by appellant in his brief concern the trial court's alleged error in admitting the items seized by police from the bedroom that appellant and Robuck shared. Appellant acknowledges the probation officer and police "executed a lawful warrantless search pursuant to the defendant-probationer's consent to conduct a residence check." However, appellant submits "[a]n issue * * * is whether the Consent Waiver of the Fourth Amendment Search, signed by a defendant/probationer, can be extended to third parties who did not give their consent or have authority to

10.

consent * * * and whether such evidence obtained from the consent of a third party can be used against [the] primary target, the defendant-probationer * * *." Appellant asserts since Robuck never gave her consent to search the common bedroom, dresser, closet and clothes basket, all of the items seized by police from the shared bedroom must "be suppressed as a warrantless search in violation of the Fourth Amendment to the U.S. Constitution."

{¶ 29} A review of the record shows these arguments were not raised before the trial court nor considered by the trial court. "It is well-settled law that issues not raised in the trial court may not be raised for the first time on appeal because such issues are deemed waived." *State v. Barrett*, 10th Dist. Franklin No. 11AP-375, 2011-Ohio-4986, ¶ 13. *See also State v. Allen*, 6th Dist. Wood No. WD-16-058, 2018-Ohio-887, ¶ 25. Accordingly, appellant's first assignment of error is not well-taken.

{¶ 30} In his second assignment of error, appellant argues "[i]n light of the unconstitutionality of the admission of the bags of cocaine and other evidence found in the common bedroom," his trial counsel was ineffective in failing to file a motion to suppress, and in stipulating to the admission of the state's exhibit Nos. 3, 4 and 7. Appellant asserts his trial counsel's actions and inactions were deficient and substantially prejudiced appellant.

### Standard

{¶ 31} In order to prevail on a claim for ineffective assistance of counsel, appellant must show trial counsel's performance fell below an objective standard of

reasonable representation and prejudice resulted from counsel's deficient performance. *State v. Bradley*, 42 Ohio St.3d 136, 137, 538 N.E.2d 373 (1989), paragraph two of the syllabus, *following Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Trial counsel is entitled to a strong presumption that his or her conduct falls within the wide range of reasonable assistance. *Strickland* at 688.

{¶ 32} Claims of ineffective assistance of counsel are not successful when trial counsel's failure to file a motion to suppress was a tactical decision, there was no reasonable probability of success, or there was no prejudice. *State v. Nields*, 93 Ohio St.3d 6, 34, 752 N.E.2d 859 (2001).

**Law**

{¶ 33} The Fourth Amendment to the United States Constitution guarantees that individuals are to be free from unreasonable searches and seizures, and evidence obtained in violation of this guarantee must be excluded in any criminal trial. *See Mapp v. Ohio*, 367 U.S. 643, 654-655, 81 S.Ct. 1684, 6 L.Ed.2d 1081 (1961). A person on probation has a reduced expectation of privacy, and "a court granting probation may impose reasonable conditions that deprive the offender of some freedoms enjoyed by law-abiding citizens." *United States v. Knights*, 534 U.S. 112, 119, 122 S.Ct. 587, 151 L.Ed.2d 497 (2001). A condition of probation may include the offender agreeing to submit to warrantless searches, and "[w]hen an officer has reasonable suspicion that a probationer subject to a search condition is engaged in criminal activity, there is enough likelihood

12.

that criminal conduct is occurring that an intrusion on the probationer's significantly diminished privacy interests is reasonable." *Id.* at 119, 121.

{¶ 34} Pursuant to R.C. 2951.02(A), a probation officer may search the probationer, the probationer's place of residence and "other real property * * * for which the offender has the express or implied permission of a person with a right, title, or interest to use, occupy, or possess." However, when "a cotenant who is not on probation shares a residence with a probationer, the warrantless probation search of the residence must be limited to the common areas the probationer is known to occupy or have joint control over." *State v. Norman*, 2014-Ohio-5084, 21 N.E.3d 1153, ¶ 41 (12th Dist.).

{¶ 35} There are also limits as to who may assert the right to suppress evidence obtained in violation of the Fourth Amendment, and "suppression of the product of a Fourth Amendment violation can be successfully urged only by those whose rights were violated by the search itself." *Alderman v. U.S.*, 394 U.S. 165, 171-172, 89 S.Ct. 961, 22 L.Ed.2d 176 (1969). Further, "defendants charged with crimes of possession may only claim the benefits of the exclusionary rule if their own Fourth Amendment rights have in fact been violated." *United States v. Salvucci*, 448 U.S. 83, 85, 100 S.Ct. 2547, 65 L.Ed.2d 619 (1980). Thus, "Fourth Amendment rights are personal in nature and may not be vicariously asserted by others." *State v. Dennis*, 79 Ohio St.3d 421, 426, 683 N.E.2d 1096 (1997).

{¶ 36} Here, appellant claims his trial counsel should have filed a motion to suppress premised on a violation of Robuck's Fourth Amendment rights. Since Fourth

13.

Amendment rights are personal and may not be vicariously asserted, appellant cannot contest the legality of the search and seizure by alleging Robuck's rights were violated. As such, appellant's trial counsel was not deficient in failing to file a motion to suppress on this basis, because the motion would have been without merit and unsuccessful.

{¶ 37} Appellant also asserts his trial counsel erred in stipulating to the admission of exhibit Nos. 3, 4 and 7 as evidence at trial. Exhibit No. 3 is the cocaine seized at the home, exhibit No. 4 includes the Ohio Bureau of Criminal Investigation ("BCI")'s Evidence Submission Sheet, Laboratory Report and Notarized Statement of BCI employee, and exhibit No. 7 is a DVD of pictures taken of some of the items found at the home. Appellant submits "[t]he admission of this evidence goes directly to the defendant's conviction on Count Two/Possession of Cocaine in the amount of 27.35 grams and the imposition of the four year mandatory prison sentence and $10,000 fine." However, appellant makes no argument that the evidence was otherwise inadmissible, nor did he cite to any legal authority. Since appellant failed to comply with App.R. 16(A)(7), we decline to address this claim. *See* App.R. 12(A)(2).

{¶ 38} Accordingly, appellant's second assignment of error is not well-taken.

### Third Assignment of Error

{¶ 39} Appellant questions whether the trial court erred in admitting any evidence obtained from appellant's cellphone against him at trial. Appellant argues the probation officer and police exceeded their authority granted by the waiver form "when they seized his cellphone and its content, as evidence against him, without obtaining a warrant."

14.

{¶ 40} A review of the record shows no evidence obtained from appellant's cellphone was presented at trial. Further, appellant raises the issue regarding his cellphone for the first time on appeal. As we noted above, "issue not raised in the trial court may not be raised for the first time on appeal because such issues are deemed waived." *Barrett*, 10th Dist. Franklin No. 11AP-375, 2011-Ohio-4986, at ¶ 13. Accordingly, appellant's third assignment of error is not well-taken.

## Fourth Assignment of Error

{¶ 41} Appellant contends the trial court committed plain error when it did not amend the written jury instructions on constructive possession over the objection of defense counsel. Appellant asserts "the trial court's omission that * * * Robuck and her possessions were in the common bedroom she shared with the defendant-appellant failed to clarify the issue of 'reasonable doubt' and 'presumption of innocence doctrine.'" Appellant submits the court's verbal instructions to the jury on possession/constructive possession did not cure the written instructions, and the court's error was not harmless.

## Standard

{¶ 42} "A trial court is obligated to provide jury instructions that correctly and completely state the law. * * * The jury instructions must also be warranted by the evidence presented in a case. * * * The question of whether a jury instruction is legally correct and factually warranted is subject to de novo review." (Citations omitted.) *Cromer v. Children's Hosp. Med. Ctr. of Akron*, 142 Ohio St.3d 257, 2015-Ohio-229, 29 N.E.3d 921, ¶ 22.

## Analysis

{¶ 43} A review of the record shows the trial court read the written jury instructions to the jurors, including:

All right. The Defendant is presumed innocent until his guilt is established beyond a reasonable doubt. The Defendant must be acquitted, unless the State produces evidence which convinces you beyond a reasonable doubt of every essential element of the crime charged in the indictment.

Reasonable Doubt. Reasonable doubt is present when, the jurors, after they have carefully considered and compared all [of] the evidence, cannot say they are firmly convinced of the truth of the charge. It is doubt based on reason and common sense. Reasonable doubt is not mere possible doubt, because everything relating to human affairs or depending upon moral evidence is open to some possible or imaginary doubt.

Proof beyond a reasonable doubt is proof of such character that an ordinary person would be willing to rely and act upon it in the most important of their own affairs.

Possess. Possess means having control over a thing or substance through ownership or occupation of the premises upon which the thing or substance is found.

16.

Constructive possession. Constructive possession exists when an individual knowingly exercises dominion and control over an object even though that object may not be in immediate possession. For constructive possession to exist it must also be shown that the person was conscious of the object. Dominion and control, as well as whether a person was conscious of the presence of an item of contraband may be established by circumstantial evidence, although a Defendant's mere proximity in and of itself is insufficient to establish constructive possession.

{¶ 44} Thereafter, the state noticed the written jury instructions set forth a definition for constructive possession for Count 2 of the indictment, but there was no mention of constructive possession under the jury instructions for Counts 3 and 4. The state advised the court of the omission and informed the court that the constructive possession instruction applied to Counts 2, 3 and 4. The judge offered to tell the jury that constructive possession was applicable to every count, and the state agreed, but defense counsel objected, stating:

[w]e would object to the instruction of Possession on Page 10, Constructive Possession, I guess specifically with respect to the specific instruction for Constructive Possession as it's used to show that the person was conscious of the presence of marijuana. * * * As far as the count of Aggravated Possession, my understanding [is that] counsel is requesting that Constructive Possession also be applied to that and I'm objecting to

\* \* \* Possession and Constructive Possession as to Counts \* \* \* Two, Three, and Four.

{¶ 45} The objection was overruled, and the court verbally instructed the jury that "Constructive Possession definition that's in the jury instructions on Page 10 applies to each Count, okay?  So if you're hung up on Constructive Possession, please refer to Page 10."

{¶ 46} R.C. 2901.05(A) sets forth the presumption of evidence doctrine:  "[e]very person accused of an offense is presumed innocent until proven guilty beyond a reasonable doubt, and the burden of proof for all elements of the offense is upon the prosecution." And, R.C. 2901.05(E) provides the definition of reasonable doubt.

{¶ 47} In *State v. Fykes*, 6th Dist. Wood No. WD-07-072, 2009-Ohio-2926, ¶ 35-36, we stated:

> "'Possess' or 'possession' means having control over a thing or substance, but may not be inferred solely from mere access to the thing or substance through ownership or occupation of the premises upon which the thing or substance is found."  R.C. 2925.01(K).
>
> Possession [of an object] may be actual or constructive.  *State v. Kingsland*, 177 Ohio App.3d 655, 895 N.E.2d 633, 2008-Ohio-4148, ¶ 13. Actual possession occurs when the defendant "had the items within his immediate physical control."  *State v. Jones*, 10th Dist. Nos. 07AP977, 07AP-978, 2008-Ohio-3765, ¶ 13.  Constructive possession occurs when

18.

the defendant is able to exercise dominion control over an item, even if the individual does not have the item within his immediate physical possession. *Kingsland*, supra. In order for constructive possession to exist, there must be evidence demonstrating that the defendant was conscious of the presence of the object. *Id*. Although a defendant's mere proximity to an item is in itself insufficient to establish constructive possession, proximity to the item may constitute some evidence of constructive possession. *Id*. "Thus, presence in the vicinity of contraband, coupled with another factor or factors probative of dominion or control over the contraband, may establish constructive possession." *Id*.

{¶ 48} Here, a comparison of the relevant law to the jury instructions given by the trial court on the presumption of innocence doctrine and reasonable doubt indicates the court correctly stated the law.

{¶ 49} In addition, we find there was sufficient evidence in the record to warrant jury instructions on possess and constructive possession in Counts 2, 3 and 4. The evidence includes: (1) Parole Officer Gale's testimony that pills were found in appellant's bedroom, as was the cocaine, which Robuck was trying to hide; (2) Detective Lewis' testimony that suspected marijuana, cocaine, prescription pills, a drug ledger and cash were found in the home and appellant admitted that the drugs belonged to him, named the man who supplied the drugs, and said Robuck had no knowledge of the drugs;

and (3) Robuck's testimony that during the time she lived with appellant she saw drugs in the home and she saw appellant selling drugs.

{¶ 50} Further, a comparison of the relevant law to the jury instructions given by the trial court on possess and constructive possession indicates the court correctly stated the law.

{¶ 51} Accordingly, appellant's fourth assignment of error is not well-taken.

{¶ 52} Having found the trial court did not commit error prejudicial to appellant, the judgment of the Erie County Court of Common Pleas is affirmed.  Pursuant to App.R. 24, appellant is hereby ordered to pay the court costs incurred on appeal.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27.  *See also* 6th Dist.Loc.App.R. 4.

Arlene Singer, J.

_____
JUDGE

Thomas J. Osowik, J.

_____
JUDGE

Gene A. Zmuda, J.
CONCUR.

_____
JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions.  Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.supremecourt.ohio.gov/ROD/docs/.