[Cite as *State v. El-Amin*, 2022-Ohio-2905.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
LUCAS COUNTY

State of Ohio

    Appellee

v.

Hisham G. El-Amin

    Appellant

Court of Appeals No.  L-21-1175

Trial Court No.  CR0200303244

**<u>DECISION AND JUDGMENT</u>**

Decided:  August 19, 2022

* * * * *

Julia R. Bates, Lucas County Prosecuting Attorney, and
Evy M. Jarrett, Assistant Prosecuting Attorney, for appellee.

Laurel A. Kendall, for appellant.

* * * * *

**DUHART, P.J.**

**{¶ 1}**  Appellant, Hisham G. El-Amin, appeals from a judgment entered by the

Lucas County common pleas court denying his motion for new trial.  For the reasons that

follow, we affirm the judgment of the trial court.

### Statement of the Case and the Facts

**{¶ 2}**  On October 10, 2003, appellant was indicted on two counts of rape, both

felonies of the first degree, in violation of R.C. 2907.02(A)(1)(b).  Eleven days prior to

trial, appellant filed a "Motion to Enforce," contending that on May 12, 2005, he and an

assistant prosecutor Andrew Lastra had negotiated a non-prosecution agreement, the terms of which provided that the state would no longer prosecute the case if appellant took and passed a polygraph examination. Appellant's counsel sent a letter to confirm the agreement. As alleged in appellant's motion, however, Lastra immediately notified defense counsel that the agreement might not be approved. Appellant further alleged that on the morning of May 13, 2005, Lastra left a message that the original proposed terms were not approved, and that assistant prosecutor Lori Olender would not dismiss the case unless and until the alleged victim also submitted to a polygraph examination. At some point on May 13, 2005, appellant underwent a polygraph examination and "passed." The victim apparently did not submit to a polygraph and the prosecution of appellant continued. In addition, the "Motion to Enforce" was never ruled upon.

{¶ 3} On July 8, 2005, a jury found appellant guilty of two counts of rape, as charged in the indictment. He was sentenced on August 5, 2005. On August 19, 2005, appellant filed a motion for new trial based on allegations that the state failed to comply with a non-prosecution agreement.

{¶ 4} On September 6, 2005, appellant filed a notice of appeal from his convictions. None of the six assignments of error that were raised in the direct appeal related to the alleged existence or breach of the non-prosecution agreement. This court affirmed the convictions, but remanded the case for resentencing in light of *State v. Foster*, 109 Ohio St.3d 1, 2006-Ohio-856, 845 N.E.2d 470.

2.

**{¶ 5}** On August 25, 2021, the trial court denied the August 19, 2005 motion for new trial on the grounds that no non-prosecution agreement between the parties "appears to have actually been reached." It is from this decision that appellant currently appeals.

### Assignments of Error

**{¶ 6}** Appellant asserts the following assignments of error on appeal:

I.      The State of Ohio breached a contract made by one Lucas County Assistant Prosecutor and Appellant at the time of the trial when they unilaterally revoked a non-prosecution agreement after Appellant had accepted the offer and substantially complied with his part of the bargain, due to a lack of concurrence by a second prosecutor.

II.     The trial court committed plain error when it denied appellant's original Motion for a New Trial, dated August 19, 2005, in an opinion and judgment entry dated August 25, 2021, without holding an evidentiary hearing, arguably denying Appellant the opportunity to timely raise issues of multiple irregularities in the trial procedure, as a basis for a new trial.

III.    Appellant was denied effective assistance of trial counsel as guaranteed by Article I, Section 10 of the Ohio Constitution and the Sixth and Fourteenth Amendments to the United States Constitution when trial counsel failed to file a Motion for a New Trial, despite

having been specifically retained to do so, and when a different defense counsel failed to put the non-prosecution agreement on the record.

**Analysis**

{¶ 7} Appellant argues in his first assignment of error that the trial court erred in finding that there was no non-prosecution agreement to be breached in this case. Ohio law recognizes that arguments related to alleged breaches of non-prosecution agreements may properly be appealed. *See, e.g., Klaas v. Wayne Cty. Prosecutor's Office*, 9th Dist. Wayne No. 98CA0014, 1999 WL 25610, * 1-2 (Jan. 20, 1999) (holding that a defendant had a remedy at law for the breach of a non-prosecution agreement in the form of an appeal). Such issues may also be waived by failure to raise them in the direct appeal. *See, e.g., State v. Stanley*, 7th Dist. Mahoning No. 99-C.A.-55, 2002-Ohio-4372, ¶ 13 (prosecution waived any argument that the defendant breached a non-prosecution agreement).

{¶ 8} In the instant case, the record of the original, direct appeal clearly included the motion to enforce the alleged non-prosecution agreement. Although the trial court had not journalized a decision on the matter, the law is well-established that when a pre-trial motion is not ruled upon, it is presumed to have been denied. *See State v. Cassels v. Dayton City Schools Dist. Bd. of Edn.*, 69 Ohio St.3d 217, 223, 631 N.E.2d 150 (1994) (providing that "when a trial court fails to rule upon a pretrial motion, it may be presumed that the court overruled it); *see also State v. Barnhart*, 6th Dist. Erie No. E-18-046, 2019-Ohio-5002, ¶ 11, fn. 1 (finding that where trial court did not rule on a motion

4.

to suppress, the motion was presumed to have been denied). Error related to the handling of the motion to enforce the alleged non-prosecution agreement could have been asserted in the direct appeal, and the failure to pursue that issue on direct appeal waives the issue for purposes of this appeal.

{¶ 9} In addition to waiver, principles of res judicata "may be applied to bar further litigation of issues that were raised previously or could have been raised previously in an appeal." *See State v. Hatton*, 4th Dist. Pickaway No. 19CA34, 2021-Ohio-1416, ¶ 16, *appeal allowed*, 164 Ohio St.3d 1403, 2021-Ohio-2742, 172 N.E.3d 162, citing *State v. Perry*, 10 Ohio St.2d 175, 226 N.E.2d 104 (1967). In particular, "res judicata bars a motion for a new trial when the movant raised, or could have raised, that issue, in a prior action." *Hatton* at ¶ 16. "'"[R]es judicata promotes the principles of finality and judicial economy by preventing endless relitigation of an issue on which a defendant has already received a full and fair opportunity to be heard."'" *Id.*, quoting *State v. Miller*, 4th Dist. Lawrence No. 11CA14, 2012-Ohio-1922, ¶ 5, in turn quoting *State v. Saxon*, 109 Ohio St.3d 176, 2006-Ohio-1245, 846 N.E.2d 824, ¶ 18. "[E]ven plain errors are barred by res judicata." *State v. Abdul*, 8th Dist. Cuyahoga No. 103510, 2016-Ohio-3063, ¶ 10, citing *State v. Haynes*, 2d Dist. Clark No. 2013 CA 90, 2014-Ohio-2675, ¶ 14 ("The issues raised in [the defendant's] assignments of error could have been raised on direct appeal, and are barred by res judicata, regardless of whether they might be characterized as plain error.") (Additional citation omitted.)

{¶ 10} In the instant case, because arguments related to the non-prosecution agreement were, in fact, raised prior to trial and, thus, could have been raised in the direct

appeal, appellant's motion for new trial, which is based upon those arguments, is clearly barred by res judicata. *See Hatton* at ¶16. Appellant's first assignment of error is, therefore, found not well-taken.

{¶ 11} Our determination as to appellant's first assignment of error renders appellant's second assignment of error – wherein appellant alleges error in the trial court's failure to hold an evidentiary hearing on the motion for new trial – moot.

{¶ 12} Finally, we consider appellant's third assignment of error, wherein he argues that he was denied effective assistance of counsel. The law is well-settled that a finding of ineffective assistance of counsel requires a two-step analysis, and that "[c]ounsel's performance will not be deemed ineffective unless and until counsel's performance is proved to have fallen below an objective standard of reasonable representation and, in addition, prejudice arises from counsel's performance." *State v. Bradley*, 42 Ohio St.3d 136, 538 N.E.2d 373 (1989), paragraph two of the syllabus.

{¶ 13} Appellant initially argues that he was denied effective assistance of counsel, because his motion for a new trial was not filed within 14 days of the verdict being challenged, as required under Crim.R. 33. Despite the apparently untimely filing of the motion, the trial court denied the motion on its merits, without ever addressing the timeliness barrier. Thus, appellant fails to demonstrate prejudice resulting from counsel's potentially untimely filing.

{¶ 14} Finally, appellant argues that he was prejudiced by trial counsel's failure to read into the record the terms of the non-prosecution agreement. Res judicata bars this

6.

argument, as it could have been raised on direct appeal. *See Hatton*, 4th Dist. Pickaway No. 19CA34, 2021-Ohio-1416, ¶ 16.

{¶ 15} For all of the foregoing reasons, appellant's third assignment of error is found not well-taken.

{¶ 16} The judgment of the Lucas County common pleas court is affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Thomas J. Osowik, J.               _____
                                            JUDGE

Gene A. Zmuda, J.          

                                            _____
Myron C. Duhart, P.J.                                 JUDGE
CONCUR.

                                            _____
                                            JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions. Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.supremecourt.ohio.gov/ROD/docs/.