DECISION AND JUDGMENT ENTRY
{¶ 1} This is an appeal from a judgment of the Lucas County Court of Common Pleas, which convicted appellant of two counts of rape, in violation of R.C2907.02. For the reasons set forth below, this court affirms the judgment of the trial court. Based upon Foster, we must remand for resentencing. *Page 2 
 {¶ 2} Appellant, Hisham El-Amin, sets forth the following six assignments of error:
 {¶ 3} "I. Proof of venue need not be made in express terms but can be shown by the totality of facts and circumstances. This Court has held that where the facts and circumstances prove the city or township where the offense occurred, venue is established. At trial, the state failed to prove venue by express terms. The facts and circumstances prove only that the crime happened at an apartment building on Bancroft. Did the trial court err in ruling that a reasonable juror could have found venue established?
 {¶ 4} "II. An expert witness may not give an opinion as to the veracity of the statements of a child declarant, and cannot testify that a victim was abused where the victim is articulate, competent, and testifies at trial. In this case, the social worker opined that [victim] was telling the truth and that she had been raped. El-Amin failed to object. Must the court find that plain error occurred?
 {¶ 5} "III. The trial court ordered the state to limit Larson's testimony to explaining delayed reporting. The state nonetheless elicited opinion testimony from her that [victim] was telling the truth and that she had been raped. El-Amin failed to object. Must the court find that plain error occurred? *Page 3 
 {¶ 6} "IV. Under R.C. 2907.02(D), evidence of other acts of the defendant's sexual activity is admissible only to the extent that the trial court finds it material to a fact at issue, and that its inflammatory or prejudicial nature does not outweigh its probative value. When the trial court decided to admit evidence of acts other than those alleged in the indictment, it failed to state how the evidence was material, and find that the inflammatory or prejudicial nature of the evidence did not outweigh its probative value. Did the trial court abuse its discretion?
 {¶ 7} "V. Ineffective assistance of counsel occurs or counsel's representation was below an objective standard of reasonableness, and if not for counsel's errors, there is a reasonable chance that the result of the trial would have been different. Counsel's most egregious errors were that he failed to (1) cross examine an important witness, (2) preserve objections to evidence, (3) object to unfairly prejudicial expert opinions given in violation of precedent and the trial court's own order, and (4) voir dire a jury member for prejudice during deliberations. Was El-Amin's sixth amendment right to counsel violated?
 {¶ 8} "VI. The Ohio Supreme Court has struck down certain statutes authorizing an enhanced and consecutive sentences. Based upon Judge-found facts, and ordered re-manned and resentencing for any case pending on appeal at the time it so ruled. El-Amin's sentences were enhanced in order to run *Page 4 
consecutively under the statutes held unconstitutional, in his case was pending at the time they were struck down. Must the court reversed El-Amin's sentence and re-manned for new sentencing?"
 {¶ 9} The following undisputed facts are relevant to the issues raised on appeal. This case arises from sexual activity transpiring between a minor girl and an adult male friend of the girl's father. The victim, now 18 years of age, was 12 years of age at the time when her father's friend and neighbor initiated forced sexual intercourse with the girl. The victim's father would routinely instruct her to go visit with appellant. These visits were a pretext for appellant's sexual designs on the girl. These sexual encounters continued with regularity over the course of many months.
 {¶ 10} The victim would frequently have weekend visitation with her father. The victim's father had an apartment on Bancroft Street in Toledo. In addition, the victim's father would spend time at a ranch on Angola Road in western Lucas County affiliated with his best friend and religious leader, the appellant.
 {¶ 11} The record reflects that both locations in which the victim's father resided were in immediate proximity to appellant. Appellant is the best friend and Muslim spiritual adviser, commonly referred to as an Imam, of the victim's father. Appellant maintained an apartment in the same building in the vicinity of Bancroft *Page 5 
Street and Ashland Avenue in central Toledo where the victim's father had an apartment. Appellant's religious followers, including the victim's father, also spent a considerable amount of time with appellant at a five acre ranch property in western Lucas County.
 {¶ 12} When the victim was 15 years of age, she was now living with an aunt. She disclosed to her aunt that appellant had engaged in sexual activity and intercourse with her on numerous occasions during her past visits with her father. These events occurred several years earlier, both at the apartment building on Bancroft Street as well as the ranch in western Lucas County.
 {¶ 13} The victim revealed that she had not initially reported these events based upon her fear that her disclosure would get her father into legal trouble. The victim further described the genesis of these events and indicated that her father's best friend, the Imam, was promised by her father that he could marry the victim. In fact, the record demonstrates that the victim's father encouraged her relationship with the Imam.
 {¶ 14} On October 10, 2003, appellant was indicted on two counts of rape in violation of R.C. 2907.02(A)(1)(b). On July 5, 2005, the case went to jury trial. On July 7, 2005, the jury found appellant guilty on both counts of rape. On *Page 6 
August 15, 2005, the trial court sentenced appellant to ten year consecutive terms of incarceration. On September 7, 2005, appellant filed a timely notice of appeal.
 {¶ 15} In his first assignment of error, appellant argues that the state failed to prove venue in Lucas County beyond a reasonable doubt. In support, appellant argues that none of the state witnesses expressly testified that the events occurred in Lucas County, Ohio. Appellant further argues that the surrounding facts and circumstances are insufficient to establish venue in Lucas County in the absence of express testimony regarding same.
 {¶ 16} This court has consistently held that venue can be adequately established if the surrounding facts and circumstances demonstrate that the crime was committed in the relevant county. State v. Connell, 6th Dist. No. H-03-026. Trial courts possess broad discretion in determining whether venue has been established. State v. Ryan, 6th Dist. No. OT-03-019, 2004-Ohio-3151.
 {¶ 17} This court has carefully reviewed the record in this matter in order to determine if venue in Lucas County was properly established. The record clearly reflects that during the testimony of Toledo Police Detective Lester from the Special Victim's Unit it was expressly and unambiguously stated that all of the relevant locations where these events occurred are within Lucas County, Ohio. The record contains clear evidence to enable a rational trier of fact to conclude that *Page 7 
venue in Lucas County was demonstrated beyond a reasonable doubt. Appellant's first assignment of error is found not well-taken.
 {¶ 18} In appellant's second assignment of error, he claims that the court must find that plain error occurred during the testimony of the victim's social worker, Nancy Larson. In support, appellant contends that Larson's testimony must be construed as essentially expressing the opinion that the victim's testimony was truthful. As such, appellant asserts that the testimony was highly prejudicial so as to preclude a fair and just outcome.
 {¶ 19} The plain error doctrine represents an exception to the usual rule that errors must first be presented to the trial court before they can be raised on appeal. It permits an appellate court to review an alleged error where such action is necessary to prevent a manifest miscarriage of justice. State v. Long (1978), 53 Ohio St.2d 91, 96. In order to prevail under a plain error standard, an appellant must demonstrate that there was an obvious error in the proceedings and, but for the error, the outcome of the trial clearly would have been otherwise. State v. Noling, 98 Ohio St.3d 44, 2002-Ohio-7044.
 {¶ 20} Appellant's second assignment of error is wholly dependent upon the legitimacy of appellant's characterization of the testimony of the victim's social worker. We have carefully examined Larson's testimony and find that appellant's *Page 8 
characterization of same is manifestly inaccurate. Contrary to unsupported implications by appellant, Larson gave no improperly suggestive testimony that the victim was truthful. Larson gave no improper testimony that should be construed as indicating that she specifically believed the victim had been raped. On the contrary, Larson's testimony was properly restricted to her general observations based upon her experience in dealing with rape victims. Larson did not improperly bolster the credibility of the victim.
 {¶ 21} The record reflects that the victim herself gave thorough and poignant testimony regarding her forced sexual relationship with appellant. The record reflects that the jury weighed the credibility of the victim, the credibility of appellant, and reached a conclusion adverse to appellant. Appellant was not prejudiced by Larson's testimony. Appellant's second assignment of error is found not well-taken.
 {¶ 22} Despite minor reframing of the issue, appellant's third assignment of error is legally analogous with the second assignment of error. Appellant again claims plain error occurred in Larson's testimony. For all of the reasons detailed in response to appellant's second assignment of error, appellant's third assignment of error is found not well-taken. *Page 9 
 {¶ 23} In his fourth assignment of error, appellant alleges the trial court abused its discretion in admitting into evidence sexual acts between appellant and the victim in addition to those specifically described in the indictment. In support, appellant ironically argues that this additional information regarding sexual activity between appellant and the victim should have been precluded under the rape shield law.
 {¶ 24} It is axiomatic that determinations regarding the admission or exclusion of evidence rest within the sound discretion of the trial court. State v. Sage (1987), 31 Ohio St.3d 173, 180. This court will not disturb the trial court evidentiary rulings absent a finding of an abuse of discretion. It must be demonstrated that the trial court's attitude was unreasonable, arbitrary or unconscionable. A mere error of law or judgment does not suffice. State v. Adams (1980), 62 Ohio St.2d 151,157.
 {¶ 25} R.C. 2907.02(D) provides that evidence of specific instances of a defendant's sexual activity may not be admitted if it is found to be so prejudicial that it outweighs its probative value. However, R.C.2945.59 provides a statutory exception to the general proposition detailed above. Pursuant to this exception, evidence of uncharged criminal conduct is admissible when a trial court determines that it is relevant to show a course of conduct tending to show motive or intent. *Page 10 
 {¶ 26} In applying the above legal framework to the evidentiary decision being disputed, we must examine the facts of this case to ascertain whether they fall within the statutory exception to inadmissibility.
 {¶ 27} Appellant was uniquely situated with respect to the victim. Appellant was the best friend of the victim's father. In addition, appellant was the Imam for the victim and her father. Appellant was in a position of respect, authority, and trust in relation to the victim. In addition, appellant had frequent, unsupervised access to the victim with the knowledge and consent of her father. This relationship between the parties provided appellant with unfettered opportunity and access to the victim. The course of uncharged conduct enabled by this unique relationship between appellant and the victim clearly is crucial in showing appellant's scheme or system underlying the charged crimes.
 {¶ 28} We find that the record shows the disputed evidence was highly relevant. Any disputed prejudicial impact from the disputed evidence is substantially outweighed by the probative value of the evidence. The trial court's determination to admit the evidence cannot be construed as unreasonable, arbitrary or unconscionable. The appellant's fourth assignment of error is found not well-taken. *Page 11 
 {¶ 29} In appellant's fifth assignment of error, he argues that he received ineffective assistance of counsel. In support, appellant outlines numerous alleged examples of "egregious errors" in the representation furnished by his counsel.
 {¶ 30} To prevail on a claim of ineffective assistance of counsel, appellant must show that counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied upon as having produced a just result. This standard requires appellant to satisfy a two prong test. First, appellant must show that counsel's representation fell below an objective standard of reasonableness. Second, appellant must show a reasonable probability that, but for counsel's perceived errors, the result of the proceeding would have been different. Strickland v. Washington (1984), 466 U.S. 668. This threshold of proof is high, given Ohio's presumption that a properly licensed attorney is presumed competent. State v. Hamblin (1988),37 Ohio St.3d 153.
 {¶ 31} Under Strickland, decisions of counsel that are strategic in nature cannot be construed as indicia of ineffective assistance of counsel. Judgments of counsel in the course of trial must be granted substantial deference.
 {¶ 32} We have carefully reviewed the litany of examples furnished by appellant alleged to constitute sufficient evidence in support of his ineffective assistance of counsel claim. We do not concur with appellant's assessment of the *Page 12 
actions of his counsel. The disputed decisions pertain to which witnesses to call, who to cross-examine, and when to make objections. Such matters are inherently strategic in nature.
 {¶ 33} Appellant has furnished no evidence in support of the notion that the outcome of this trial would have been different but for these tactical decisions. Appellant's argument is wholly based on conjecture. It amounts to nothing more than retrospective disappointment that various choices failed to produce the desired outcome. There is no objective or compelling evidence sufficient to show any of these choices were objectively unreasonable and outcome determinative. Appellant's fifth assignment of error is not well-taken.
 {¶ 34} In his sixth assignment of error, appellant contends that his case must be remanded for resentencing in conjunction with the recent Supreme Court of Ohio decision announced in Foster. The record reflects that appellant's case was pending on direct appeal at the time of theFoster decision. Appellee concedes that resentencing is required to comport with Foster. Appellant's sixth assignment of error is found well-taken.
 {¶ 35} On consideration whereof, the judgment of conviction of the Lucas County Court of Common Pleas is affirmed. Pursuant toFoster, appellant's sentence is reversed and remanded for resentencing. Appellant and appellee are *Page 13 
ordered to each pay one-half the cost of this appeal pursuant to App.R. 24. Judgment for the clerk's expense incurred in preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded to Lucas County.
JUDGMENT AFFIRMED, IN PART, AND REVERSED, IN PART.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4.
Peter M. Handwork, J., William J. Skow, J., Thomas J. Osowik, J., CONCUR. *Page 1