[Cite as *State v. Truitt*, 197 Ohio App.3d 758, 2012-Ohio-461.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| THE STATE OF OHIO, | : | APPEAL NO. C-110323 |
| | | TRIAL NO. B-0403782-C |
| Appellee, | : | |
| | | *O P I N I O N.* |
| v. | : | |
| TRUITT, | : | |
| Appellant. | : | |

Criminal Appeal From:  Hamilton County Court of Common Pleas

Judgment Appealed From Is:  Reversed and Cause Remanded

Date of Judgment Entry on Appeal:  February 10, 2012

Joseph T. Deters, Hamilton County Prosecuting Attorney, and Paula E. Adams, Assistant Prosecuting Attorney, for appellee.

Roger W. Kirk, for appellant.

**DINKELACKER, Judge.**

{¶1}    Defendant-appellant, Tamboura Truitt, was convicted of conspiracy under R.C. 2923.01(A)(2), possession of marijuana under R.C. 2925.11(A), and trafficking in marijuana under R.C. 2925.03(A)(2). Each count involved at least 20,000 grams of marijuana. The trial court sentenced Truitt to concurrent terms of confinement of seven years on the conspiracy count, eight years on the possession count, and ten years on the trafficking count.

{¶2}    On direct appeal, we vacated the conspiracy conviction under R.C. 2923.01(G), but affirmed the possession and trafficking convictions. *State v. Truitt*, 1st Dist. No. C-050188 (Dec. 27, 2006) ("*Truitt I*"). In November 2010, Truitt applied for reconsideration under App.R. 26(A). We granted reconsideration and issued a new decision in *State v. Truitt*, 1st Dist. No. C-050188, 2011-Ohio-1885, ("*Truitt II*").

{¶3}    In *Truitt II*, we recognized that the trial court had "failed to specify in the judgment of conviction the duration of Truitt's postrelease-control supervision" as required by R.C. 2967.28(B). *Id.* at ¶ 19. To that extent, we held that his sentences were void. *Id.* We relied upon *State v. Fischer*, 128 Ohio St.3d 92, 2010-Ohio-6238, 942 N.E.2d 332, paragraph two of the syllabus, in which the Ohio Supreme Court held that the defendant's sentence was void "only to the extent that he was not adequately notified concerning postrelease control." *See also State v. Thomas*, 1st Dist. Nos. C-100411 and C-100412, 2011-Ohio-1331, ¶ 17.

{¶4}    We again reversed the conspiracy conviction and remanded the cause "only for correction of the offending portion of the sentences." *Truitt II* at ¶ 21-22. In all other respects, we affirmed the trial court's judgment. *Truitt II* at ¶ 23.

{¶5} But on remand, the trial court not only imposed postrelease control, but also merged Truitt's possession and trafficking convictions under R.C. 2941.25. Following the state's election, the court sentenced Truitt to a ten-year term of confinement on the trafficking count. Truitt now appeals from that judgment of conviction, raising two assignments of error.

{¶6} In his first assignment of error, Truitt argues that the trial court erred in allowing the state to elect the trafficking offense to survive merger. We do not reach the merits of this assignment of error, because the trial court lacked authority to modify the convictions beyond the proper imposition of postrelease control.

{¶7} In *Truitt II*, we remanded the cause "only for correction of the offending portion of the sentences," that is, the postrelease-control defect. 2011-Ohio-1885, at ¶ 22. In all other respects, we affirmed the trial court's judgment. *Id.* at ¶ 23. Thus, we did not authorize the trial court to merge the possession and trafficking convictions.

{¶8} "Absent extraordinary circumstances, such as an intervening decision by the Supreme Court, an inferior court has no discretion to disregard the mandate of a superior court in a prior appeal in the same case." *Nolan v. Nolan*, 11 Ohio St.3d 1, 462 N.E.2d 410 (1984), syllabus. On remand, "the trial court is without authority to extend or vary the mandate given." *Id.* at 4; s*ee also Dater v. PNC Bank, N.A.,* 166 Ohio App.3d 839, 2006-Ohio-2479, 853 N.E.2d 699, ¶ 13 (1st Dist. ).

{¶9} Of course, the trial court always has jurisdiction to correct a void sentence. *State ex rel. Cruzado v. Zaleski*, 111 Ohio St.3d 353, 2006-Ohio-5795, 856 N.E.2d 263, ¶ 19. But only that part of the sentence relating to postrelease control was void. We had already affirmed the remainder of the sentence, and any issues involving that remainder were barred by res judicata. *See Fischer*, 128 Ohio St.3d 92, 2010-Ohio-6238, 942 N.E.2d 332, at paragraphs one and three of the syllabus; *Truitt II*, 2011-

Ohio-1885, at ¶ 19-23. In merging Truitt's possession and trafficking convictions, the trial court acted beyond the mandate of this court and, therefore, without authority.

{¶10} Moreover, we recently held that issues relating to merger under R.C. 2941.25 that could have been raised on direct appeal cannot be raised on a subsequent appeal from a hearing to impose postrelease control. *State v. Hall*, 1st Dist. No. C-100097, 2011-Ohio-2527, ¶ 12. "Although the doctrine of res judicata does not preclude review of a void sentence, res judicata still applies to other aspects of the merits of a conviction, including the determination of guilt and the lawful elements of the ensuing sentence." *Fischer*, 128 Ohio St.3d 92, 2010-Ohio-6238, 942 N.E.2d 332, at paragraph three of the syllabus. *See State v. Criswell*, 1st Dist. Nos. C-110135 and C-110286, 2011-Ohio-5786, ¶ 7-8.

{¶11} We, therefore, hold that the trial court erred in merging Truitt's possession and trafficking convictions. Accordingly, we disregard the first assignment of error as moot under App.R. 12(A)(1)(c).

{¶12} In his second assignment of error, Truitt argues that the court erred in not applying "Ohio's new sentencing law," particularly its "good time provisions." He argues that he should have received the benefit of the new law regarding "favorable prison sentence reduction." This assignment of error is not well taken.

{¶13} Although Truitt does not cite any particular authority for his second assignment of error, we surmise that he is referring to R.C. 2967.19, which was recently enacted as part of 2011 Am.Sub.H.B. No. 86. But that law was enacted in September 2011, four months after Truitt's postrelease-control hearing, and does not apply.

{¶14} Further, R.C. 2967.19 is not applicable at a sentencing hearing. It authorizes the director of rehabilitation and correction to petition sentencing courts for

the release of certain prisoners who have served at least 80 percent of their stated prison term. *See* R.C. 2967.19(B).

{¶15}   Finally, Truitt was not eligible for release under the statute.   R.C. 2967.19(C)(1) states that "[a]n offender serving a stated prison term that includes a disqualifying prison term is not eligible for release from prison under this section." Truitt was serving a prison term for a violation of R.C. 2925.03 that was a first-degree felony, which is a disqualifying prison term under R.C. 2967.19(A)(1)(e).   Consequently, we overrule Truitt's second assignment of error.

{¶16}   We reverse that portion of the trial court's judgment in which it merged Truitt's convictions for possession of marijuana and trafficking in marijuana.   We remand the case to the trial court for the purpose of sentencing Truitt on both offenses and to inform him about postrelease control under the terms of the new sentence.

Judgment reversed

and cause remanded.

**HILDEBRANDT, P.J.,** and **HENDON, J.,** concur.