[Cite as *State v. El-Amin*, 2021-Ohio-4342.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
LUCAS COUNTY

State of Ohio                                     Court of Appeals No.  L-21-1130

    Appellee                                  Trial Court No.  CR0200303244

v.

Hisham El-Amin                                **DECISION AND JUDGMENT**

    Appellant                                 Decided:  December 10, 2021

* * * * *

Julia R. Bates, Lucas County Prosecuting Attorney, and
Evy M. Jarrett, Assistant Prosecuting Attorney, for appellee.

Laurel A. Kendall, for appellant.

* * * * *

**ZMUDA, P.J.**

## I.      Introduction

{¶ 1} This matter is before the court upon the appeal of appellant, Hisham El-Amin, challenging the June 24, 2021 judgment of resentencing of the Lucas County Court of Common Pleas.  Finding no error, we affirm.

## A. Facts and Procedural Background

{¶ 2} Beginning in late-2000 until mid-2001, appellant engaged in forced sexual intercourse with the pre-teen daughter of a friend. At the time, appellant was a spiritual leader with numerous followers, including the victim's father. The father facilitated the conduct and had allegedly promised his daughter in marriage to appellant. The incidents occurred at appellant's apartment on Bancroft, in Toledo, and at an encampment on a western Lucas County farm, reportedly maintained as a commune.

{¶ 3} When the victim was 15, she disclosed the abuse to an aunt. On October 10, 2003, appellant was indicted for two counts of forcible rape, pursuant to R.C. 2907.02(A)(1)(b), which prohibits forcible, sexual conduct with a person "less than thirteen years of age."

{¶ 4} The matter proceeded to trial in 2005. On July 7, 2005, a jury found appellant guilty on both counts of rape, each a felony of the first degree. On August 5, 2005, the trial court imposed a 10-year sentence as to each count, and ordered the sentences to be served consecutively, for an aggregate prison term of 20 years.

{¶ 5} Appellant appealed that judgment. He challenged the imposition of consecutive sentences, but did not challenge the maximum, 10-year terms imposed as to each count. On August 3, 2007, we affirmed the judgment, in part, but reversed solely for resentencing pursuant to *State v. Foster*, 109 Ohio St.3d 1, 2006-Ohio-856, 845

2.

N.E.2d 470, which was decided during the pendency of the appeal. *State v. El-Amin*, 6th Dist. Lucas No. L-05-1286, 2007-Ohio-3949, ¶ 34. Specifically, we held:

> On consideration whereof, the judgment of conviction of the Lucas County Court of Common Pleas is affirmed. Pursuant to *Foster*, appellant's sentence is reversed and remanded for resentencing.

*El-Amin* at ¶ 35.

{¶ 6} Appellant attempted an appeal to the Ohio Supreme Court, which declined review. *State v. El-Amin*, 116 Ohio St.3d 1458, 2007-Ohio-6803, 878 N.E.2d 35. Upon remand, the trial court did not immediately hold a hearing to address the resentencing mandate.

{¶ 7} Many years passed, and on May 4, 2010, appellant filed a motion with the trial court seeking to correct his judgment of conviction in compliance with Crim.R. 32(C), to specify the "means of conviction, whether by plea, verdict, or finding by the court" as provided by *State v. Baker*, 119 Ohio St.3d 197, 2008-Ohio-3330. 893 N.E.2d 197. Appellant did not otherwise raise the issue of resentencing, pursuant to the mandate issued in his direct appeal in 2007. On November 16, 2010, the trial court entered a nunc pro tunc judgment entry to reflect that a jury found appellant guilty. Appellant filed an appeal of that judgment, which we dismissed on June 14, 2011, due to appellant's failure to file an appellate brief.

3.

{¶ 8} There was no further activity noted on the trial court's docket for almost 10 years, until March 23, 2021, when the trial court held a hearing and ordered a briefing schedule regarding the resentencing.[1] Appellant filed a sentencing memorandum, through counsel, noting the changes in the law post-*Foster*, but arguing the trial court retained discretion to reduce appellant's original sentence "consistent with the overriding sentencing factors laid out in 2929.11 and 2929.12[.]" In support of a reduced sentence from the maximum, 10-year terms originally imposed, appellant argued his good behavior while incarcerated and his advanced age as demonstrating a low chance of recidivism, weighing in favor of a lesser sentence upon resentencing.

{¶ 9} Appellee, the state of Ohio, also filed a sentencing memorandum, and first argued that appellant's request for resentencing could be denied based on current law, which revived the required statutory findings for consecutive sentences, as existed in former R.C. 2929.14(E)(4), the law in effect at the time of appellant's original sentencing. Appellee's position, essentially, was that the consecutive sentences that were "incorrectly" imposed under *Foster* became correct after changes to the law resulted in a return to statutory findings, once deemed invalid by *Foster,* without any action required by the trial court. In other words, appellee advocated for either a self-effectuating "resentencing" as a result of changes in the law or a nullification of this court's reversal

---

[1] Based on the transcript of the sentencing hearing, it appears that appellant's trial counsel made an oral request to recall the case and address the outstanding mandate to resentence, issued in 2007.

4.

and remand in the direct appeal. Alternatively, appellee argued that, should the trial court resentence according to this court's mandate, that mandate was limited to imposition of consecutive sentences and did not implicate the individual sentences imposed for each count of rape.

{¶ 10} On May 25, 2021, the trial court held a resentencing hearing. Appellant's trial counsel raised appellant's age and model behavior during his 16 years in prison, to date, as mitigating factors. Based on such factors, counsel argued the trial court should reconsider the two, 10-year terms for each count – the maximum sentence in 2006 – and impose terms that reduced appellant's aggregate term.

{¶ 11} At hearing appellee reiterated prior argument regarding the "self-effectuating" resentencing or nullification of the direct appeal's mandate resulting in a restored, original sentence. In the alternative, appellee reiterated argument of a narrow mandate, comparing resentencing on consecutive findings to similar resentencing to correct a defective postrelease control notification. Thus, appellee argued the trial court did not need to resentence, but if it proceeded, the trial court was limited to deciding on re-imposition of consecutive sentences and could not reconsider the underlying 10-year prison terms through a de novo sentencing hearing.

{¶ 12} The victim's father also appeared at the resentencing hearing to speak on behalf of his daughter. He acknowledged that he spoke on appellant's behalf at trial, but "once clear of [appellant], [he] was able to see things a lot clearer" and recognized

5.

appellant's manipulations. The father noted his daughter remains "damaged from this," and wished for re-imposition of consecutive sentences to keep appellant in prison rather than permit early release.

{¶ 13} The trial court conducted a de novo sentencing and re-imposed two, 10-year terms on each count. After making statutory findings under R.C. 2929.14(C)(4), the trial court ordered those sentences to be served consecutively. Appellant filed a timely appeal of this judgment, following resentencing.

## B. Assignments of Error

{¶ 14} In challenging the judgment upon resentencing, appellant asserts the following as error:

1. The trial court abused its discretion when it resentenced appellant to two consecutive prison terms, when appellant has already served sixteen years, is approximately 70 years old, has a limited prior criminal history, and when the resulting sentence arguably does not promote the effective rehabilitation of the offender pursuant to R.C. 2929.11

2. The trial court committed plain error by adding a provision to the resentencing entry prohibiting appellant from ingesting drugs of abuse, presumptively while incarcerated, when said provision was not discussed on the record at the resenting hearing, no evidence of substance abuse was presented at the resentencing hearing, no evidence of substance abuse was

6.

presented at the resentencing hearing or the trial, and the original sentencing entry did not contain a similar provision.

3. The trial court committed plain error by not stating clearly in the resentencing entry that appellant is subject to a total of five years of postrelease control, as the maximum that can be imposed pursuant to R.C. 2967.28(B)(1), such that the term of postrelease control for each conviction is not served consecutively, by law.

## II.    Law and Analysis

{¶ 15} On appeal, appellant challenges imposition of consecutive sentences based on application of the factors under R.C. 2929.11, with no argument that the trial court failed to comply with requirements under R.C. 2929.14(C)(4). Appellant also challenges the addition of a prohibition on the use of illicit substances while in prison and the failure to clearly state that postrelease control is not served consecutively. We address each argument in turn.

### A. The review of a trial court's consecutive sentence findings under R.C. 2929.11 or 2929.12 is precluded by *Jones* and *Gwynne.*

{¶ 16} We reversed and remanded for resentencing, consistent with *Foster,* which determined that the judicial fact-finding portions of sentencing law, including consecutive sentences under R.C. 2929.14, were unconstitutional. In *Foster,* the Supreme Court ordered those provisions severed from the law governing sentencing.

*State v. Foster,* 109 Ohio St.3d 1, 2006-Ohio-856, 845 N.E.2d 470, ¶ 83, *abrogated by Oregon v. Ice,* 555 U.S. 160, 129 S.Ct. 711, 172 L.Ed.2d 517.

{¶ 17} Consistent with argument raised in the trial court, the parties disagree as to the type of sentencing required upon remand. Appellant argues that de novo sentencing was necessary, based on *Foster.* However, appellee argues that no resentencing is required due to the restoration of statutory findings in current law, or in the alternative, that the only matter on remand was the imposition of consecutive sentences, referencing similar resentencing law applied to post release control notifications. *See State v. Truitt,* 197 Ohio App.3d 758, 2012-Ohio-461, 968 N.E.2d 637, ¶ 7 (1st Dist.).

{¶ 18} As to appellee's first position, there is no legal support for the notion that a newly enacted statute will result in spontaneous sentencing as a substitute for the resentencing mandated after reversal and vacation in a direct appeal. Instead, we note that controlling law that permits resentencing on remand from a direct appeal, despite the passage of time and even where the defendant has served the original prison term. *See State v. Christian,* 159 Ohio St.3d 510, 2020-Ohio-828, 152 N.E.3d 216, ¶ 1 (no expectation of "finality of judgment" where resentencing is the result of vacated sentence in direct appeal). Because credit is given for all time served and applied to the sentence imposed at resentencing, there is no danger of multiple punishments for a single offense. *Id.* at ¶ 23-24. A resentencing, moreover, "represents a correction or clarification of [the] first, and only, sentence[.]" *Id.* at ¶ 22.

8.

{¶ 19} In 2007, this court remanded the sentence for a resentencing hearing, pursuant to law in effect at the time under *Foster*. In the years immediately following the decision in *Foster,* the Ohio Supreme Court noted the scope of resentencing, stating:

> [B]oth in *Foster* and the companion case of *State v. Mathis*, 109 Ohio St.3d 54, 2006-Ohio-855, 846 N.E.2d 1, we made clear that sentencing courts in this state must still consider all of the remaining sentencing factors contained in several sections of R.C. Chapter 2929. "Courts shall consider those portions of the sentencing code that are unaffected by today's decision and impose any sentence within the appropriate felony range." *Foster*, ¶ 105. Unaffected sections "include R.C. 2929.11, which specifies the purposes of sentencing, and R.C. 2929.12, which provides guidance in considering factors relating to the seriousness of the offense and recidivism of the offender. In addition, the sentencing court must be guided by statutes that are specific to the case itself." *Mathis* at ¶ 38.

*State v. Elmore*, 122 Ohio St.3d 472, 2009-Ohio-3478, 912 N.E.2d 582, ¶ 9.

{¶ 20} Here, the trial court held a de novo sentencing hearing, applied R.C. 2929.11 and 2929.12, and considered the findings for consecutive sentences under R.C. 2929.14(C)(4). The resulting sentence was identical to the original sentence, or two, 10-year prison terms ordered to be served consecutively for an aggregate prison sentence of

9.

20 years. In challenging that sentence, appellant does not dispute the findings under R.C. 2929.14(C)(4), but instead argues the sentences was contrary to law under R.C. 2929.11.

{¶ 21} We review a felony sentencing challenge pursuant to R.C. 2953.08(G)(2), which provides:

(2) The court hearing an appeal under division (A), (B), or (C) of this section shall review the record, including the findings underlying the sentence or modification given by the sentencing court.

The appellate court may increase, reduce, or otherwise modify a sentence that is appealed under this section or may vacate the sentence and remand the matter to the sentencing court for resentencing. The appellate court's standard for review is not whether the sentencing court abused its discretion. The appellate court may take any action authorized by this division if it clearly and convincingly finds either of the following:

(a) That the record does not support the sentencing court's findings under division (B) or (D) of section 2929.13, division (B)(2)(e) or (C)(4) of section 2929.14, or division (I) of section 2929.20 of the Revised Code, whichever, if any, is relevant;

(b) That the sentence is otherwise contrary to law.

{¶ 22} The provision "contrary to law" is not defined within the statute, but the Ohio Supreme Court clarified in *State v. Jones,* 163 Ohio St.3d 242, 2020-Ohio-6729,

10.

169 N.E.3d 649 that "R.C. 2953.08(g)(2)(b) * * * does not provide a basis for an appellate court to modify or vacate a sentence based on its view that the sentence is not supported by the record under R.C. 2929.11 and 2929.12." *Jones* at ¶ 39. "In light of *Jones,* assigning error to the trial court's imposition of sentence as contrary to law based solely on its consideration of R.C. 2929.11 and 2929.12 is no longer grounds for this court to find reversible error." *State v. Orzechowski,* 6th Dist. Wood No. WD-20-029, 2021-Ohio-985, ¶ 13.

{¶ 23} Additionally, appellant challenges only the *consecutive* sentence as contrary to law, applying R.C. 2929.11. This type of challenge has also been addressed by the Ohio Supreme Court and rejected. In *State v. Gwynne,* 158 Ohio St.3d 279, 2019-Ohio-4761, 141 N.E.3d 169, the court clarified the type of review permitted under R.C. 2953.08(G)(2). "While R.C. 2953.08(G)(2)(a) clearly applies to consecutive-sentencing review, R.C. 2929.11 and 2929.12 both clearly apply to *individual* sentences." *Gwynne* at ¶ 17 (emphasis sic.). Thus, an appellate court's review of consecutive sentences is limited to "compliance with R.C. 2929.14(C)(4)." *Id.* at ¶ 18.

{¶ 24} Accordingly, appellant's first assignment of error, based solely on application of R.C. 2929.11 in reviewing his consecutive sentences, is not well-taken.

**B. The inclusion of a prohibition regarding illicit drug use did not constitute plain error.**

{¶ 25} In his second assignment of error, appellant argues the trial court committed plain error by including a prohibition regarding illicit drug use and mandating random drug testing, within the sentencing entry, as provided under former R.C. 2929.19(B)(2)(f). Because the trial court did not address such terms of his incarceration on the record, at the sentencing hearing, appellant argues that "[t]his court should find that there is no provision against the use of illegal drugs or alcohol by [appellant] * * * [and] the addition of a sentencing term in the June 25, 2021 Judgment Entry is gratuitous, as it does not appear to relate to a behavioral concern for [appellant.]"

{¶ 26} To find plain error, we must find "defects affecting substantial rights." Crim.R. 52(B). In contrast, an error that does not affect substantial rights is deemed harmless. Crim.R. 52(A). "We take notice of the Crim.R. 52(B) plain error doctrine 'with the utmost caution, under exceptional circumstances and only to prevent a manifest miscarriage of justice.'" *State v. Neff,* 6th Dist. Ottawa No. OT-20-004, 2021-Ohio-3766, ¶ 37, quoting *State v. Long*, 53 Ohio St.2d 91, 372 N.E.2d 804 (1978), paragraph three of the syllabus.

{¶ 27} To demonstrate plain error, appellant must show an actual error that constituted an obvious defect in the proceedings, and the error must have affected substantial rights, or caused a different outcome. *Neff* at ¶ 38, citing *State v. Payne,* 114 Ohio St.3d 502, 2007-Ohio-4642, 873 N.E.2d 306, ¶ 16-17; *State v. Waddell,* 75 Ohio St.3d 163, 166, 661 N.E.2d 1043 (1996) (additional citation omitted.). In this case,

12.

appellant fails to demonstrate that an error produced a different outcome in the proceedings.

{¶ 28} Appellant argues that a "prohibition against the ingestion of illegal drugs or alcohol does not fall within the overriding purposes of felony sentencing, pursuant to R.C. 2929.11," and objects to receiving notice of prohibitions regarding illicit drug use or drug testing while in prison. In support, appellant correctly argues that R.C. 2929.11 does not include any such prohibitions, but ignores the fact that such prohibitions are otherwise mandated under section 341.26, 753.33, or 5120 of the Revised Code. The notice requirements, previously codified R.C. 2929.19(B)(2)(f), have been deleted from the sentencing statute, but even so, the prohibitions apply regardless of notice. *See State v. McDonald,* 133 N.E.3d 975, 2019-Ohio-1034, ¶ 16 (6th Dist.).

{¶ 29} Former R.C. 2929.19(B)(2)(f) had been removed from the sentencing statutes at the time of appellant's resentencing, but the drug-testing statutes referenced within that section remain in effect. For individuals held by the Ohio Department of Rehabilitation and Correction, R.C. 5120.63 mandates a random drug testing program and prohibits the use of illicit substances. *See* R.C. 5120.63(B) and (D). The present case, therefore, does not illustrate improper considerations related to sentencing, but instead, demonstrates extra notice of the prohibitions against alcohol or illicit drug use while incarcerated.

13.

{¶ 30} We review a felony sentence within the parameters of R.C. 2953.08(G)(2), which restricts review of appellant's consecutive sentence to R.C. 2929.14(C)(4). Appellant attempts to argue that statutory prohibitions pertaining to drug testing of inmates is a sentencing issue, without any legal support, and seeks review under R.C. 2929.11, contrary to controlling precedent. Accordingly, any error by the trial court in including notice under the former statute was not a sentencing error. The trial court's provision of extra notice, moreover, had no effect on the terms of appellant's incarceration, governed by R.C. 5120.63. Appellant's second assignment of error, therefore, is not well-taken.

## C. The failure to specify concurrent service for periods of postrelease control did not constitute plain error.

{¶ 31} In his third and final assignment of error, appellant argues that the trial court committed plain error in its notice of postrelease control because the trial court did not clarify that the two, 5-year terms would not be served consecutively. Appellant acknowledges that he is subject to postrelease control and does not dispute the 5-year, mandatory term for each count, but instead argues that he may not be required to serve each 5-year term consecutively, resulting in a 10-year term. As with his previous "plain error" challenge, a statute governs the issue raised as a notification error at sentencing.

{¶ 32} At all times pertinent to appellant's sentencings, R.C. 2967.28 specifically addressed the concurrent imposition of multiple postrelease control periods. At the time

14.

of resentencing, R.C. 2967.28(F)(4)(c) governed the imposition of postrelease control, and provided:

> If an offender is subject to more than one period of postrelease control, the period of postrelease control for all of the sentences shall be the period of postrelease control that expires last, as determined by the parole board or court. Periods of postrelease control shall be served concurrently and shall not be imposed consecutively to each other.[2]

The sentencing notifications required under R.C. 2929.19 include notification of postrelease control. The statute, however, does not require a recitation of all the law governing that postrelease control.

{¶ 33} In support of his plain error argument, appellant argues that the trial court's failure to specify *concurrent* periods of postrelease control "can be imputed to mean that [appellant] is subject to ten years of postrelease control[.]" We disagree, and find no path to a 10-year period of postrelease control, considering the controlling law. Therefore, with no notice requirement to specify concurrent terms as otherwise clearly stated within R.C. 2967.28, we find no error with the trial court's postrelease control notification. Accordingly, appellant points to no error that might constitute plain error, and appellant's third and final assignment of error is not well-taken.

---

[2] Effective September 30, 2021, R.C. 2967.28(H)(1) now provides: "A period of postrelease control shall not be imposed consecutively to any other postrelease control period."

### III.  Conclusion

**{¶ 34}** Finding substantial justice has been done, we affirm the judgment of the Lucas County Court of Common Pleas.  Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Thomas J. Osowik, J.                    _____
                                              JUDGE
Christine E. Mayle, J.

                                        _____
Gene A. Zmuda, P.J.                            JUDGE
CONCUR.

                                        _____
                                              JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions.  Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.supremecourt.ohio.gov/ROD/docs/.