[Cite as *State v. El-Amin*, 2023-Ohio-1597.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
LUCAS COUNTY

State of Ohio

      Appellee

v.

Hisham G. El-Amin

      Appellant

Court of Appeals No.  L-22-1158

Trial Court No.  CR0200303244

**DECISION AND JUDGMENT**

Decided:  May 12, 2023

* * * * *

Julia R. Bates, Lucas County Prosecuting Attorney, and
Evy M. Jarrett, Assistant Prosecuting Attorney, for appellee.

Neil S. McElroy, for appellant.

* * * * *

**SULEK, J.**

**{¶ 1}** Appellant, Hisham El-Amin, appeals the June 17, 2022 judgment of the

Lucas County Court of Common Pleas denying his petition for postconviction relief.

Because the petition was untimely, the trial court's judgment is affirmed.

**I. Background**

**{¶ 2}** A recitation of the relevant facts is as follows.  In July 2005, a jury convicted

El-Amin of two counts of rape, and the trial court subsequently imposed a term of 10

years in prison on each count, to be served consecutively. On direct appeal, this court affirmed the jury's verdicts but remanded for resentencing upon finding that the trial court, prior to imposing a consecutive sentence, failed to make the necessary additional findings under *State v. Foster*, 109 Ohio St.3d 1, 2006-Ohio-856, 845 N.E.2d 470, excising R.C. 2929.14(E)(4) and 2929.41(A). *State v. El-Amin*, 6th Dist. Lucas No. L-05-1286, 2007-Ohio-3949. In 2011, the section was revived by the Ohio legislature.

{¶ 3} On November 7, 2008, El-Amin filed an untimely application to reopen his appeal arguing appellate counsel ineffectively failed to raise the issue of trial counsel's failure to seek enforcement of the non-prosecution agreement. The application was denied. *State v. El-Amin*, 6th Dist. Lucas No. L-05-1286 (Nov. 21, 2008).

{¶ 4} In the meantime, and prior to El-Amin's resentencing, the Ohio Supreme Court held that a final and appealable judgment entry must contain whether the conviction was based on a "plea, verdict, or finding by the court." *State v. Baker*, 119 Ohio St.3d 197, 2008-Ohio-3330, 893 N.E.2d 163, ¶ 19. For a time, this court interpreted *Baker* as voiding non-compliant judgment entries, and concluding that direct appeals from such entries were nullity and void. *See*, *e.g.*, *State v. Tuggle*, 6th Dist. Lucas No. L-09-1317, 2010-Ohio-4162. El-Amin filed motions requesting that the trial court issue a *Baker* compliant judgment entry; the entry was filed on November 16, 2010. While El-Amin's appeal from the judgment was pending in this court, the Supreme Court of Ohio decided *State v. Lester*, 130 Ohio St.3d 303, 2011-Ohio-5204, 958 N.E.2d 142, holding that a judgment entry issued with the sole purpose of complying with *Baker*, was not a

2.

final order from which a new appeal could be taken. El-Amin's appeal was ultimately dismissed.

{¶ 5} With his *Baker* appeal pending, on June 13, 2011, El-Amin filed a petition for post-conviction relief raising five claims.[1] El-Amin argued actual innocence, that he was denied his right to present defenses, that his judgment was void or voidable because the post-conviction process is not constitutionally adequate, that counsel was ineffective in failing to enforce the non-prosecution agreement and failing to request a mistrial after learning that jurors did not want to be near El-Amin in courthouse public areas because he made them nervous, and that he was denied his right to have the case litigated in a public courtroom and a record made of all proceedings. El-Amin supported his petition with the affidavit of his wife, Maria El-Amin, who claimed that defense counsel refused to subpoena material witnesses. The state opposed the petition.

{¶ 6} After nearly ten years of inactivity, in the Spring of 2021 the parties filed sentencing memoranda pursuant to this court's 2007 remand for resentencing. On June 25, 2021, El-Amin was resentenced to the same 20-year, consecutive sentence. El-Amin appealed and we affirmed the trial court's judgment. *State v. El-Amin*, 6th Dist. Lucas No. L-21-1130, 2021-Ohio-4342.

{¶ 7} The trial court also addressed El-Amin's 2005 motion for a new trial arguing that the state breached the non-prosecution agreement. On August 25, 2021, the court denied the motion finding that although the agreement "may have been discussed," it was

---

[1] The petition specifically lists claims one, two, four, five, and six but omits a third claim.

3.

never made a part of the record. Further, the deal as described was conditioned on both El-Amin and the victim submitting to a polygraph examination. The victim did not take a polygraph; thus, no deal was reached. El-Amin appealed the judgment. This court held that any arguments relating to the alleged breach were barred by res judicata as the issue could have been raised on direct appeal. *State v. El-Amin*, 6th Dist. Lucas No. L-21-1175, 2022-Ohio-2905.

{¶ 8} On June 17, 2022, the trial court denied El-Amin's petition for postconviction relief. The court found that the motion was untimely when it was filed in 2011, and that the arguments were barred by res judicata. This appeal followed.

## II. Assignments of Error

{¶ 9} El-Amin raises the following three assignments of error:

Assignment of Error no. 1: The trial court erred as a matter of law when it denied, on the basis of res judicata, Mr. El-Amin's petition for post-conviction relief without holding a hearing.

Assignment of Error no. 2: The trial court erred as a matter of law when it denied as untimely Mr. El-Amin's petition for post-conviction relief.

Assignment of Error no. 3: The trial court abused its discretion when it denied Mr. El-Amin's request for a hearing on his petition for post-conviction relief.

4.

## III. Discussion

{¶ 10} A trial court's decision on a petition for postconviction relief is reviewed for an abuse of discretion. *State v. Weaver*, Slip Opinion No. 2022-Ohio-4371, --- N.E.3d ---, ¶ 25-29. An abuse or discretion connotes an unreasonable, arbitrary or unconscionable attitude of the trial court. *Id.* at ¶ 24, quoting *State v. Gondor*, 112 Ohio St.3d 377, 2006-Ohio-6679, ¶ 60.

{¶ 11} The court will first address El-Amin's second assignment of error as it is dispositive. El-Amin claims that because there was no final judgment of conviction until his June 2021 resentencing, the filing of the petition was well within the time limit set forth in R.C. 2953.21(A)(2) and the court erred by dismissing on this basis. The state counters that this court's 2007 remand pursuant to *Foster* did not act to "restart the clock" for requesting postconviction relief and the petition was required to be filed within the time period for filing the transcripts in the direct appeal.

{¶ 12} R.C. 2953.21(A)(2)(a) relevantly provides: "Except as otherwise provided in section 2953.23 of the Revised Code, a petition under division (A)(1)(a)(i), (ii), or (iii) of this section shall be filed no later than three hundred sixty-five days after the date on which the trial transcript is filed in the court of appeals in the direct appeal of the judgment of conviction or adjudication." On the date El-Amin's petition was filed, the statute required that it be filed within 180 days.

5.

{¶ 13} The question posed is whether this court's 2007 *Foster* remand reset the time period from which El-Amin could request postconviction relief.  Ohio courts have consistently held that it does not.

{¶ 14} Considering similar facts, in *State v. O'Neal*, 9th Dist. Medina No. 08CA0028-M, 2008-Ohio-6572, the court concluded that the time limit for filing a postconviction relief motion begins to run from the original appeal from the conviction, not following a resentencing pursuant to *Foster*.  *Id.* at ¶ 12.  The court observed that the plain language of R.C. 2953.21 evidences no connection between the status of the postconviction relief petition and the status of the appeal as the time begins to run even in instances where no appeal has been filed.  *Id.* at ¶ 12-13, citing *State v. Casalicchio*, 8th Dist. Cuyahoga No. 89555, 2008-Ohio-2362, ¶ 24-26.

{¶ 15} The court in *State v. Haschenburger*, 7th Dist. Mahoning No. 08-MA-223, 2009-Ohio-6527, likewise concluded that a reversal of a sentence pursuant to *Foster* does not nullify or void the judgment and, thus, does not extend the time for filing a petition for postconviction relief.  *Id.* at ¶ 27.  It further reasoned:

> If we were to determine that the time for filing a defendant's petition for postconviction relief did not begin to run until the last of the direct appeals from the trial court's sentence[s], the time for filing postconvictions petitions would be extended well beyond the time limits set forth in R.C. 2953.21(A)(2) to an indeterminate time in the future.  Such a finding would

6.

render the time requirement meaningless and defeat the intent of the legislature in setting forth such a time requirement.

*Id.*, citing *State v. Laws*, 10th Dist. Franklin No. 04AP-283, 2004-Ohio-6446, ¶ 6. *See State v. Dawson*, 2d Dist. Greene No. 2012-CA-54, 2013-Ohio-1817; *State v. Piesciuk*, 12th Dist. Butler No. CA2009-10-251, 2010-Ohio-3136; *State v. Jackson*, 11th Dist. Trumbull No. 2013-T-0103, 2015-Ohio-7.

{¶ 16} In the present case, the trial transcripts in El-Amin's original appeal were filed on April 14, 2006. Adding 180 days, the petition was due on October 11, 2006. El-Amin's postconviction petition was not filed until June 13, 2011. Thus, El-Amin's petition was untimely.

{¶ 17} Under R.C. 2953.23(A)(1), a court may entertain an untimely petition where both of the following apply:

(a) Either the petitioner shows that the petitioner was unavoidably prevented from discovery of the facts upon which the petitioner must rely to present the claim for relief, or, subsequent to the period prescribed in division (A)(2) of section 2953.21 of the Revised Code or to the filing of an earlier petition, the United States Supreme Court recognized a new federal or state right that applies retroactively to persons in the petitioner's situation, and the petition asserts a claim based on that right.

(b) The petitioner shows by clear and convincing evidence that, but for constitutional error at trial, no reasonable factfinder would have found

7.

the petitioner guilty of the offense of which the petitioner was convicted or, if the claim challenges a sentence of death that, but for constitutional error at the sentencing hearing, no reasonable factfinder would have found the petitioner eligible for the death sentence.

{¶ 18} "[A] petitioner's failure to satisfy R.C. 2953.23(A) deprives a trial court of jurisdiction to adjudicate the merits of an untimely or successive postconviction petition." *State v. Apanovitch*, 155 Ohio St.3d 358, 2018-Ohio-4744, 121 N.E.3d 351, ¶ 36.

{¶ 19} El-Amin provides no persuasive arguments supporting the untimely filing of his petition. There is no indication that the United States Supreme Court recognized a new federal or state right that retroactively applies to El-Amin. Further, El-Amin has not demonstrated that he was unavoidably prevented from discovery of the facts in his petition upon which he relied.

{¶ 20} A review Maria El-Amin's affidavit demonstrates that any arguments relating to the non-prosecution agreement were known to El-Amin as he participated in the discussions. Further, El-Amin was aware of witnesses he claims counsel was ineffective in failing to call during trial. Finally, contrary to Maria El-Amin's claim in her affidavit, the alleged post-trial statements made by the victim to El-Amin's granddaughter and another individual regarding being coerced by family members to lie are not supported by affidavits. It is also unclear how long after trial the alleged statements were made.

8.

**{¶ 21}** Upon review, the court concludes that El-Amin's petition for postconviction relief was untimely and he failed to satisfy the requirements of R.C. 2953.23(A)(1); thus, the trial court lacked jurisdiction to consider the merits of the petition. El-Amin's second assignment of error is found not well-taken and his first and third assignments of error are moot.

## IV. Conclusion

**{¶ 22}** For the foregoing reasons, the June 17, 2022 judgment of the Lucas County Court of Common Pleas is affirmed. Pursuant to App.R. 24, El-Amin is ordered to pay the costs of this appeal.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.


Thomas J. Osowik, J.                  _____
                                            JUDGE
Myron C. Duhart, P.J.

Charles E. Sulek, J.                   _____
CONCUR.                                          JUDGE

                                              _____
                                            JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions. Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.supremecourt.ohio.gov/ROD/docs/.