**[Cite as *State v. Brown*, 2024-Ohio-487.]**

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
LUCAS COUNTY

State of Ohio                                    Court of Appeals No.  L-23-1119

        Appellee                          Trial Court No.  CR0201901504

v.

Christopher Brown                        **DECISION AND JUDGMENT**

        Appellant                         Decided:  February 9, 2024

* * * * *

Julia R. Bates, Lucas County Prosecuting Attorney, and
Lorrie J. Rendle, Assistant Prosecuting Attorney, for appellee.

Christopher Brown, Pro se.

* * * * *

**ZMUDA, J.**

{¶ 1} This matter is before the court on appeal of the Lucas County Court of

Common Pleas dismissal of a petition for postconviction relief.  Finding no error, we

affirm.

{¶ 2} On August 17, 2022, Brown filed a pro se petition to vacate or set aside his conviction pursuant to R.C. 2953.21(C), R.C. 2953.22, and R.C. 2953.23(A) and (B). Brown argued he was unavoidably prevented from discovering the facts to support his claim for relief as he was "never advised of the fact that he could file a postconviction petition nor of any of the time limits to do so." He further argued that he was "entitled to rely on counsel's strategy and representations" but his trial counsel's strategy involved failing to present or elicit testimony regarding the impossibility of rape by inhaler during the time frame alleged, because Brown did not have a prescribed inhaler during that time frame and his trial counsel failed to investigate or disprove the use of an inhaler. Brown claims ineffective assistance of trial counsel due to "his failure to discover exculpatory evidence" without identifying such evidence. Instead, Brown attached his own affidavit in support of the petition, attesting to receiving a medical inhaler after developing pneumonia in 2017, after the time period described by the victim in her trial testimony.

{¶ 3} On September 28, 2022, the state of Ohio filed a motion for summary judgment/answer to the petition for postconviction relief. The state correctly noted that Brown failed to file his petition within the time required under R.C. 2953.21(A)(2)(a) and failed to demonstrate any exception to the time requirement under R.C. 2953.23(A). The state also addressed the merits of Brown's claim for relief, arguing Brown failed to support his claim with proper documentary evidence. The state further argued that Brown knew of his own history with inhalers, attempted to testify regarding his inhaler at

2.

trial, and could have challenged his trial counsel's strategy regarding his testimony in the direct appeal.

{¶ 4} On November 18, 2022, Brown filed his response to the state's motion. He argued the time limitation did not apply because he was unavoidably prevented from discovering this limitation based on his appellate counsel's failure to properly advise him. Brown argued he was "lulled into forgoing the one-year post-conviction time limitation." As to the merits of his petition, he argued his counsel failed to investigate Brown's medical history and potential testimony and prevented Brown from refuting the victim's testimony regarding the rapes using the inhaler.

{¶ 5} On April 10, 2023, the trial court issued its opinion and judgment entry, dismissing Brown's petition for want of jurisdiction over the untimely filing. The trial court determined that Brown knew of the facts related to his use of a medical inhaler at the time of trial, and Brown's theory regarding the inhaler relied on the faulty belief that the state proved that Brown used his own inhaler in the rapes, with ownership of the inhaler not an issue at trial. Finding the petition untimely without an excuse for the delayed filing, the trial court found it was without jurisdiction to consider the merits and dismissed the petition without hearing.

{¶ 6} On May 11, 2023, Brown filed his appeal of the trial court's judgment, asserting the following assignments of error:

3.

I.  The trial court erred to the prejudice of Appellant and abused its discretion when it granted the State's Motion for Summary Judgment.

II.  The trial court erred to the prejudice of Appellant and abused its discretion when it failed to order an evidentiary hearing to determine whether Appellant was Unavoidably Prevented from Discovery of the Facts.

III.  The trial court erred to the prejudice of Appellant and abused its discretion when it reached the merits of the Petition without having first determined whether Appellant Was Unavoidable Prevented From Discovery of the Facts.

IV.  The trial court erred to the prejudice of Appellant and abused its discretion when it based the denial of the Petition on res judicata rather than determining whether it had jurisdiction to entertain the Petition.

{¶ 7} Brown's assignments of error either misstate applicable law or mischaracterize the trial court's decision.  In his first and second assignments of error, appellant misstates applicable law, arguing the trial court should have considered the merits of his new evidence and required the state to present its own evidence to refute it, and that the trial court erred in not holding a hearing to determine whether Brown was unavoidably prevented from discovering the evidence he claims supports his petition.  In his third and fourth assignments of error, Brown mischaracterizes the action taken by the

4.

trial court, arguing the trial court improperly addressed the merits of his petition and that the trial court denied that petition based on res judicata.

{¶ 8} Postconviction relief is provided for by statute, with the statutory scheme providing a time limit for filing. *State v. Johnson,* Slip Opinion 2024-Ohio-134, ¶ 1, citing R.C. 2953.23 and 2953.21(A)(2). "A trial court generally has no jurisdiction to consider an untimely or successive petition." *Id.,* citing *State v. Apanovitch,* 155 Ohio St.3d 358, 2018-Ohio-4744, 121 N.E.3d 351, ¶ 35-36, 38. A petitioner may only overcome the time requirement, as a jurisdictional bar, if they show they were "unavoidably prevented" from discovering the facts supporting their claim for relief, and but for the argued constitutional error at trial, they would not have been convicted. *Id.,* citing R.C. 2953.23(A)(1); *State v. Bethel,* 167 Ohio St.3d 352, 2022-Ohio-783, 192 N.E.3d 470, ¶ 20.

{¶ 9} Contrary to Brown's argument in his third and fourth assignments of error, the trial court did not reach the merits of his petition or deny his petition based on res judicata. To the extent the trial court considered the record at trial, it did so only to demonstrate that Brown's "new" evidence was known to Brown at the time of trial. Based on the record, therefore, we find Brown's third and fourth assignments of error not well-taken.

{¶ 10} Brown's remaining assignments of error concern the applicable law, governing the determination of an exception for an untimely petition. Here, the trial

5.

court dismissed Brown's petition for want of subject-matter jurisdiction, without hearing, finding Brown filed an untimely petition without demonstrating any exception to the time requirement under R.C. 2953.23(A). We review this decision regarding subject-matter jurisdiction de novo. *Johnson* at ¶ 11, citing *Bethel* at ¶ 20, citing *Apanovitch* at ¶ 24.

{¶ 11} Brown does not dispute he filed an untimely petition. Thus, the onus was on Brown to demonstrate he was unavoidably prevented from discovering the supporting facts or evidence for his untimely petition. *Johnson* at ¶ 13, citing R.C. 2953.23(A)(1)(a). As support, Brown provided his own affidavit, including his attestation that he did not use, possess, or own "any type of nasal inhaler devise [*sic.*] until after being hospitalized with a severe case of pneumonia in the year 2017," that his trial counsel possessed Brown's medical records supporting this assertion, and that he lacked legal advice regarding the time limits for filing a petition for postconviction relief. Brown also attested to his trial counsel reprimanding him "for trying to bring out the facts" related to his assertion that he first used an inhaler in 2017.

{¶ 12} By his own admission, Brown knew of the facts regarding his first prescription for a medical inhaler and attempted to testify regarding these facts at trial. Brown's affidavit, furthermore, provided no attestation that demonstrated relevance of these facts to the issues raised at trial, considering the state did not argue that Brown used his prescribed inhaler in committing any offense. Brown's claim that his trial counsel prevented his testimony, moreover, is belied by the record.

6.

{¶ 13} The trial court noted that Brown had knowledge of his "new" facts at the time of trial and failed to address any relevance for these facts. The court further noted Brown's claim that his trial counsel prevented his testimony as contrary to the record. The trial court found:

> In Petitioner's Affidavit dated July 27, 2022 and filed on August 17, 2022, Petitioner claims he 'never used, possessed, or owned any type of nasal inhaler devise [*sic.*] until after being hospitalized with a severe case of pneumonia in the year 2017' implying it was not possible to have used the inhaler on the victim while she was under 13 year old. * * * Petitioner possessed this claimed information at his trial when he testified. There is nothing in the record to reflect that this temporal discrepancy was addressed by the Petitioner before or during trial, despite having ample opportunity to raise it. Therefore the Court finds Petitioner was not unavoidably prevented from the discovery of the facts.
>
> * * *
>
> Petitioner further contends that his lawyer specifically precluded him from mentioning the inhaler during his testimony. * * * This assertion is belied by the fact that during Petitioner's direct testimony it is his own counsel that specifically raised the issue and asked questions of the Petitioner with regard to his use of an inhaler.

7.

Based on this record, the trial court rejected Brown's claim that his counsel reprimanded him and found Brown had knowledge of his supporting facts at the time of trial, and dismissed the petition as untimely.

{¶ 14} R.C. 2953.21 and 2953.23 clearly precludes consideration of an untimely petition, absent any statutory exception. *See Johnson,* Slip Opinion 2024-Ohio-134, ¶ 1, citing R.C. 2953.23 and 2953.21(A)(2); *Apanovitch,* 155 Ohio St.3d 358, 2018-Ohio-4744, 121 N.E.3d 351 at ¶ 35-36, 38. In cases similar to Brown's, we have previously found no exception based on newly discovered facts where the record demonstrates awareness of the facts at the time of trial. *See, e.g., State v. El-Amin,* 6th Dist. Lucas No. L-22-1158, 2023-Ohio-1597, ¶ 20 (petitioner failed to demonstrate he was unavoidably prevented from discovering new evidence, as his affidavit demonstrated prior knowledge of the non-prosecution agreement and other evidence claimed as new evidence); *State v. Ahreshien,* 6th Dist. Lucas No. L-21-1243, 2022-Ohio-2809, ¶ 22 (evidence was known to petitioner, based on the trial record).

{¶ 15} Brown's failure to demonstrate an exception for his untimely petition also precludes a hearing, with no authority to support Brown's claim that the hearing provided under the statutory scheme pertains to the determination whether he was unavoidably prevented from discovery his new evidence. Instead, an untimely petition, without any exception as set forth in R.C. 2953.23(A)(1)(a) or (b), results in the trial having no jurisdiction "to entertain the merits of the petition or hold a hearing." *State v. Pitts,* 6th

8.

Dist. Ottawa No. OT-22-052, 2023-Ohio-3545, ¶ 20, citing *State v. Bird,* 138 Ohio App.3d 400, 408, 741 N.E.2d 560 (10th Dist. 2000). Accordingly, based on application of the law, we find the trial court properly determined his petition was untimely, and that it lacked jurisdiction to consider the merits of his petition or hold a hearing. We therefore find Brown's first and second assignments of error not well-taken.

{¶ 16} Finding no error, we affirm the April 10, 2023 judgment of the Lucas County Court of Common Pleas. Brown is ordered to pay the costs of this appeal pursuant to App.R. 24(A)(2).

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Gene A. Zmuda, J.

Myron C. Duhart, J.

Charles E. Sulek, P.J.
CONCUR.

_____
JUDGE

_____
JUDGE

_____
JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions. Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.supremecourt.ohio.gov/ROD/docs/.